(No. 71164.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. DAVID L. DAVIS, Appellee.

*Opinion filed October 31, 1991.*

242

Neil F. Hartigan and Roland W. Burris, Attorneys General, of Springfield, and Thomas J. Difanis, State's Attorney, of Urbana (Rosalyn B. Kaplan, Solicitor General, and Terence M. Madsen and Kathryn M. Frost, Assistant Attorneys General, of Chicago, and Kenneth R. Boyle, Robert J. Biderman, and Rebecca L. White, of the Office of the State's Attorneys Appellate Prosecutor, of Springfield, of counsel), for the People.

Daniel D. Yuhas, Deputy Defender, and John Anthony Palombi, Assistant Defender, of the Office of the State Appellate Defender, of Springfield, for appellee.

JUSTICE MORAN delivered the opinion of the court:

On September 19, 1989, in the circuit court of Champaign County, defendant, David L. Davis, pleaded guilty to the offense of burglary. (Ill. Rev. Stat. 1989,

ch. 38, par. 19—1.) At the sentencing hearing, he received an extended-term, 10-year prison sentence. Subsequently, defendant filed a motion seeking to withdraw his guilty plea, which the court denied. He appealed, and the appellate court, with one justice dissenting, reversed the court's decision, finding the court erred in denying the motion. (204 Ill. App. 3d 836.) Thereafter, this court granted the State's petition for leave to appeal (134 Ill. 2d R. 315).

The issue presented for review is whether defendant's motion to withdraw his guilty plea should have been granted.

Initially, defendant was charged with residential burglary and burglary. On September 19, 1989, after being admonished, he pleaded guilty to the burglary offense and the other charge was dismissed. There was no agreement as to the sentence to be imposed. He was also informed of the possibility of an extended-term sentence. At the conclusion of the plea, at defendant's request, the court ordered that an evaluation of his qualifications for Treatment Alternatives to Street Crimes (TASC) be prepared by TASC.

At sentencing, on November 9, 1989, defendant's counsel requested a continuance to talk with the assistant State's Attorney about a recent development. He explained that prior to defendant's plea, a TASC employee had informed him that if defendant should receive a conviction for burglary rather than for residential burglary, he would be eligible for TASC. However, after defendant's plea, the TASC employee informed him that defendant, due to his criminal record, was not eligible for the program. The court denied the motion and imposed a 10-year sentence.

On December 1, 1989, defendant filed a motion to withdraw his guilty plea. In support of this motion, defense counsel relied on the misunderstanding that

defendant was eligible for the program. Defendant then explained that the reason for pleading to the less serious charge was that this would allow him to request placement with the TASC program in lieu of incarceration. Defendant contends that the motion should be granted since the purpose of his plea, to ask for placement with TASC, has been frustrated through no fault of his own.

As stated by the appellate court below, the general rule is that it is within the sound discretion of the trial court to determine whether a guilty plea may be withdrawn, and, on appeal, this decision will not be disturbed unless the decision is an abuse of that discretion. (*People v. Turley* (1988), 174 Ill. App. 3d 621, 625; *People v. Benedetto* (1981), 102 Ill. App. 3d 10, 16; *People v. Tarbill* (1977), 47 Ill. App. 3d 286, 287.)

> "Where it appears that the plea of guilty was entered on a misapprehension of the facts or of the law, or in consequence of misrepresentations by counsel or the State's Attorney or someone else in authority, or the case is one where there is doubt of the guilt of the accused, or where the accused has a defense worthy of consideration by a jury, or where the ends of justice will be better served by submitting the case to a jury, the court should permit the withdrawal of the plea of guilty and allow the accused to plead not guilty." (*People v. Morreale* (1952), 412 Ill. 528, 531-32.)

In the absence of substantial objective proof showing that a defendant's mistaken impressions were reasonably justified, subjective impressions alone are not sufficient grounds on which to vacate a guilty plea. Further, the burden is on the defendant to establish that the circumstances existing at the time of the plea, judged by objective standards, justified the mistaken impression. *People v. Hale* (1980), 82 Ill. 2d 172, 176.

It is acknowledged by both parties that the purpose of the plea arrangement was to enable defendant to seek treatment with TASC, without foreclosing the State from being able to seek an extended-term prison sentence. Also acknowledged is the fact that defendant was initially advised by defense counsel and TASC that he was eligible for the program. In addition, after the plea was entered, the trial court ordered that defendant be given a TASC evaluation. It was not until after consummation of the plea, and only three days before sentencing, that defendant was informed by TASC that he would not be eligible for the program. Therefore, defendant argues, his belief that he would be able to request TASC was reasonable, based on the statements made to his attorney by a TASC employee and by the trial court's actions after the plea was entered.

Defendant pleaded guilty to burglary, a Class 2 felony (Ill. Rev. Stat. 1989, ch. 38, par. 19—1(b)) which, due to his prior 1982 armed robbery convictions, is a nonprobational offense requiring imprisonment. (Ill. Rev. Stat. 1989, ch. 38, par. 1005—5—3(c)(2)(F).) Consequently, at the time of the plea, it appeared to defendant that he was facing one of two alternatives: (1) incarceration, or (2) placement with TASC pursuant to the Illinois Alcoholism and Other Drug Dependency Act (Ill. Rev. Stat. 1989, ch. 111½, pars. 6351—1 through 6362—3). Once this latter alternative was foreclosed by TASC, the only available option was imprisonment. Therefore, defendant argues that his misapprehension at the time of his plea prejudiced him.

The State, on the other hand, relies on *Hale*, 82 Ill. 2d 172, for the proposition that the defendant bears the burden of showing by objective standards, rather than by his own subjective impressions, that the circumstances existing at the time of the plea reasonably justified any mistaken impressions he may have had.

The State maintains that defendant has not satisfied this burden because any misapprehension on his part was not reasonably justified, and that he is seeking to withdraw his guilty plea simply because he received a sentence different from one he had hoped to receive.

Moreover, the State contends, and defense counsel now acknowledges, a reading of section 10—101 of the Illinois Alcoholism and Other Drug Dependency Act (Ill. Rev. Stat. 1989, ch. 111½, par. 6360—1) clearly indicates that, with defendant's criminal record, he did not qualify for TASC. Thus, the State argues that defendant's assumption, that by pleading guilty to burglary he would then be eligible for TASC, is unreasonable, regardless of the statements made by the TASC employee, since the law is very clear on its face.

The trial court had no obligation to give credence to any agreement between the assistant State's Attorney and the defendant outside of the actual plea agreement. The assistant State's Attorney and the defendant, according to the record, agreed that the State would drop the residential burglary charge, the defendant would plead guilty to the burglary charge, the State could argue for an extended-term sentence, and the defendant would apply for TASC. The record shows that the State dismissed the residential burglary charge, the defendant pleaded guilty to burglary, and the defendant was admonished as to the consequences of his plea, including the possibility of an extended-term sentence. Neither the prosecutor nor defendant told the trial court that defendant's qualification for TASC was a part of the agreement. In fact, the trial court twice requested the terms of the agreement. The court accepted the plea, set the sentencing hearing and, per defendant's request, referred the matter to TASC. At this point, it can be argued that any purported agreement had been fulfilled.

Nevertheless, we affirm the judgment of the appellate court; however, not exactly for the same reasons discussed in its opinion. Instead of focusing solely on the understanding of the defendant at the time of his plea, although very important, this court's decision is substantially based upon the fact that the trial court incorrectly admonished the defendant.

Disturbing to the court are the errors made by defense counsel in this case. In addition to the fact that defendant's trial attorney did not realize that his client was ineligible for TASC, his appellate counsel also overlooked a significant basis for reversing the trial court's decision and affirming the appellate court's decision. Ironically, in his opening sentence during oral arguments before this court, defense counsel stated that "this case is not a case of an unfulfilled promise *nor is it a case of an improper admonishment.*" (Emphasis added.) However, an improper admonishment is a critical issue in this case. Additionally, there is no argument in defense counsel's brief addressing the trial court admonishment. Further, this is all after the appellate court pointed out the error in its opinion. 204 Ill. App. 3d at 839.

At the time of the plea, the court advised defendant that the possible disposition on his burglary conviction could range from probation to an extended-term sentence, as evidenced by the following passage from the September 19, 1989, proceeding:

"THE COURT: *** [I]f you were to plead guilty to or be convicted of the lesser included offense of Burglary, a Class II felony, that lesser included offense would carry with it, as possibilities for sentencing under the statute, the following. If you were eligible for extended-term provisions of the statute, you could be sentenced to a term of not less than seven years, nor more than fourteen years. If you did not qualify for

sentencing under the extended-term imprisonment terms of the statute, you could be sentenced to prison for not less than three years, nor more than seven years. And, if you were sentenced to a term of imprisonment under the statute, that would be followed by a period of mandatory supervised release. For a Class II felony, the term of mandatory supervised release is at least two years. If you plead guilty to or are convicted of Burglary, a Class II felony, which is a lessor included offense of that charged in the indictment, *and if probation or conditional discharge were thought to be an appropriate sentence for you, you could be sentenced to a term of probation or conditional discharge,* for a Class II felony, for any term not to exceed four years. You could be fined a sum of money not to exceed $10,000. Now, Mr. Davis, do you understand the possible penalties which the statute provides for Burglary, a Class II felony, which is a lesser included offense of that charged in the indictment?

DEFENDANT: Yes, your Honor." (Emphasis added.)

However, due to defendant's criminal record, which includes a conviction for a Class 2 or greater felony within the 10-year period immediately preceding the commission of the burglary at issue, he was ineligible for probation. (Ill. Rev. Stat. 1989, ch. 38, par. 1005—5—3(c)(2)(F).) The only exception would have been placement with TASC; however, this was also unavailable due to defendant's record of two or more prior convictions for violent crimes. (Ill. Rev. Stat. 1989, ch. 111½, par. 6360—1.) The court never explained to defendant the mandatory prison sentence facing him. Thus, it is likely that the defendant never fully understood the range of penalties which he was subject to at the time of the plea.

The United States Supreme Court, in *Boykin v. Alabama* (1969), 395 U.S. 238, 23 L. Ed. 2d 274, 89 S. Ct. 1709, addressed the issue of a defendant's need to

understand the consequences of his entering a guilty plea. In that case, the Court held that it is a violation of due process for the court to accept a guilty plea in State criminal proceedings without an affirmative showing, placed on the record, that the defendant voluntarily and understandingly entered his plea of guilty.

Illinois Supreme Court Rule 402(a)(2), enacted in response to *Boykin*, explicitly states:

> "(a) *** The court shall not accept a plea of guilty without first, by addressing the defendant personally in open court, informing him of and determining that he understands the following:
> ***
> (2) the minimum and maximum sentence prescribed by law, including, when applicable, the penalty to which the defendant may be subjected because of prior convictions or consecutive sentences." 134 Ill. 2d R. 402(a)(2).

This issue was discussed in *People v. Fred* (1974), 17 Ill. App. 3d 730, in which the court's admonishment pursuant to Illinois Supreme Court Rule 402(a) included the statement that the minimum sentence which might be imposed was two years. However, the actual minimum sentence for the defendant's conviction was fixed at five years. The appellate court found that the defendant did not intelligently and understandingly plead guilty; therefore, it reversed the trial court's judgment based on the guilty plea, and remanded with directions to permit the defendant to plead anew. Additionally, numerous appellate court decisions have held that a misapprehension by the defendant as to sentencing alternatives may render a guilty plea involuntary if the defendant was actually unaware of the possible punishment. *People v. Roesler* (1990), 195 Ill. App. 3d 1007, 1011; *People v. Kraus* (1984), 122 Ill. App. 3d 882, 888; *People v. Turner* (1982), 111 Ill. App. 3d 358, 371.

The failure to properly admonish a defendant, alone, does not automatically establish grounds for reversing the judgment or vacating the plea. (*People v. Cohn* (1980), 91 Ill. App. 3d 209, 213.) Consequently, the fact that the court improperly admonished defendant as to his minimum sentence should not, in and of itself, provide grounds for reversal of the trial court's decision. Whether reversal is required depends on whether real justice has been denied or whether defendant has been prejudiced by the inadequate admonishment. (*People v. Dudley* (1974), 58 Ill. 2d 57, 60-61.) In the instant case there is no evidence which indicates that defendant knew that he was ineligible for TASC, probation or conditional discharge. Defendant alleges that if he was aware that he was not eligible for TASC placement, he would not have pleaded guilty for an open sentence. Due to this misapprehension, he did not attempt to negotiate a lesser term of incarceration, and forwent the opportunity to go to trial, where he may have been acquitted. Because of this prejudicial effect, the trial court's decision should be reversed.

When defendant filed a motion to withdraw his guilty plea based upon the fact that he was under a misapprehension of the law, he failed to address the fact that the trial judge admonished him incorrectly as to his minimum possible sentence. Generally, under Illinois Supreme Court Rule 604(d), any issue not raised by the defendant in his motion to withdraw the plea of guilty shall be deemed waived upon appeal. (*People v. Tannenbaum* (1980), 82 Ill. 2d 177.) However, if a lower court fails to give the defendant the admonishments required by Rule 402 it is possible that this action can amount to plain error, an exception to the waiver rule, as outlined under Illinois Supreme Court Rule 615 (134 Ill. 2d R. 615). (*People v. Adkisson* (1979), 78 Ill. App. 3d 923, 927, *rev'd on other grounds*

(1980), 83 Ill. 2d 1; see *People v. Waldorf* (1981), 94 Ill. App. 3d 976, 980-81.) Although this court overruled *Adkisson*, it was because the trial court's error amounted to harmless error, and not because an exception was not available to Rule 604(d). The doctrine of plain error is applied to remedy errors so plain and prejudicial that failure to object to them is not a waiver for purposes of appeal. *People v. Young* (1975), 33 Ill. App. 3d 443, 447.

Due to the gravity of the error, and in the interests of justice, we believe defendant's failure to raise the issue in his motion does not waive it on appeal. Further, the fact that such error was not urged on appeal does not necessarily preclude consideration of it by this court. See generally *People v. Burson* (1957), 11 Ill. 2d 360, 370-71; *People v. Vanderwerff* (1978), 57 Ill. App. 3d 44; *People v. Szudy* (1978), 56 Ill. App. 3d 494; *People v. Hubert* (1977), 51 Ill. App. 3d 394, 399; *Young*, 33 Ill. App. 3d 443.

We find that defendant's claimed misapprehension as to his eligibility for TASC, alone, may be insufficient to disturb the trial court's ruling, as the denial of the defendant's motion to withdraw his plea did not appear to amount to an abuse of the court's discretion. However, coupled with the fact that the trial court gave incorrect admonishments, which further led the defendant to believe that he would be eligible for a sentence other than incarceration, we find there to be plain error present on the part of the trial court.

For the foregoing reasons, the judgment of the appellate court is affirmed.

*Judgment affirmed.*