THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
LINCOLN STAPLE, Defendant-Appellant.

Fourth District   No. 4—92—0023

Opinion filed August 13, 1992.

Daniel D. Yuhas and Karen Munoz, both of State Appellate Defender's
Office, of Springfield, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Norbert J. Goetten,
Robert J. Biderman, and David E. Mannchen, all of State's Attorneys Ap-
pellate Prosecutor's Office, of counsel), for the People.

JUSTICE LUND delivered the opinion of the court:
Defendant Lincoln Staple appeals the denial of his motion to with-
draw a plea of guilty to a charge of armed robbery under section 18—

2(a) of the Criminal Code of 1961 (Ill. Rev. Stat. 1991, ch. 38, par. 18—2(a)). We affirm.

The armed robbery charges alleged that defendant and two others robbed William Impens of $100 and, in the process, stabbed him in the throat and back with a knife. Defendant waited in the car while his codefendants completed the robbery and, afterward, drove the getaway car. He received $30 as proceeds of the robbery. Defendant claims he did not know his accomplices were armed or that the victim would be stabbed. Prior to entering his guilty plea, defendant was fully admonished according to Supreme Court Rule 402(a) (134 Ill. 2d R. 402(a)). Both he and his counsel were asked whether accountability theory had been discussed and whether it was understood. Pursuant to a plea agreement, charges of aggravated assault were dropped, along with a number of unrelated traffic offenses, and defendant was sentenced to the minimum term of six years' imprisonment. Subsequently, one of his codefendants went to trial and was convicted only of simple robbery, as opposed to armed robbery. This codefendant was responsible for actually taking the money from the victim and was standing next to him when he was stabbed by the third defendant. Despite this greater involvement in the crime, he received a sentence of only six months' incarceration in the county jail, combined with four years' probation.

Defendant claims that he entered his plea under a misapprehension that he had no defense to the armed robbery charge. At the hearing on defendant's motion to withdraw, defense counsel stated that he was the same counsel representing defendant at the time his plea was entered. He argued that he had endorsed defendant's misapprehension of the law by telling him that it was "unlikely under the law that one could obtain an instruction on the lesser offense of robbery." Since the other defendant was actually standing at the scene where the knife was used and actually took the cash from the victim, counsel argued the motion should be allowed on the basis of fairness and equity.

The law governing motions for leave to withdraw pleas of guilty is a matter within the sound discretion of the trial court and will not be disturbed on appeal unless the decision is an abuse of that discretion. (*People v. Davis* (1991), 145 Ill. 2d 240, 244, 582 N.E.2d 714, 716.) It is a judicial discretion " 'which should always be exercised in favor of innocence and liberty and in the light of the preference that is shown by law for a trial upon the merits by a jury.' " (*People v. McKirdie* (1970), 45 Ill. 2d 300, 302, 259 N.E.2d 16, 18, quoting *People v. Morreale* (1952), 412 Ill. 528, 531-32, 107 N.E.2d

721, 723.) When it appears that the plea of guilty was entered on a misapprehension of the facts or of the law, or in consequence of misrepresentations by counsel, where the accused had a defense worthy of consideration by a jury, or where the ends of justice will be better served by submitting the case to a jury, the court should permit the withdrawal of the plea of guilty. (*Davis*, 145 Ill. 2d at 244, 582 N.E.2d at 716.) In applying this rule, our supreme court has held that " 'the least influence or surprise causing a defendant to plead guilty, when he has any defense at all, should be sufficient cause to permit a change of the plea from guilty to not guilty.' " *McKirdie*, 45 Ill. 2d at 303, 259 N.E.2d at 18, quoting *Morreale*, 412 Ill. at 532, 107 N.E.2d at 723.

This court followed the *Morreale* rule in *People v. Davis* (1990), 204 Ill. App. 3d 836, 562 N.E.2d 389, where defendant entered a plea of guilty after being advised by Treatment Alternatives for Special Clients (TASC) that he was eligible for acceptance to their program. After the plea was entered, TASC advised him that his extensive prior record made him ineligible for the program. Defendant's motion to withdraw the plea was denied. On appeal, the court cited *People v. Hale* (1980), 82 Ill. 2d 172, 411 N.E.2d 867, for the rule that the defendant has the burden of establishing "that the circumstances existing at the time of the plea, judged by objective standards, justified the mistaken impression." (*Davis*, 204 Ill. App. 3d at 839, 562 N.E.2d at 390.) We found that defendant's reliance on TASC's determination of eligibility established a misapprehension of fact and granted defendant's motion to withdraw his plea.

■ The State argues, and we agree, that this defendant has failed to satisfy the requirement of objective proof that the misapprehension was reasonably justified. Defense counsel's testimony proves that defendant was aware of the possibility of a "simple robbery" instruction or verdict, but viewed this possibility as unlikely. As such, defendant simply made a mistake in judgment which is no grounds for withdrawal of a plea. Furthermore, the belief that he could be found guilty of armed robbery under accountability theory, even though he had no knowledge that a weapon would be used, is supported by case law. (See *People v. Bartlett* (1980), 91 Ill. App. 3d 138, 414 N.E.2d 253.) Defendant's understanding of accountability was not flawed, being based on sound legal reasoning. Defense counsel argued that the mere fact that a different result was obtained in another courtroom is a clear indication "that somebody must have been wrong about it." We disagree with this assertion and find that it falls short of the ob-

jective proof of a misapprehension of law needed to overturn the trial court's decision.

Defendant cites another fourth district decision, *People v. Cosby* (1985), 137 Ill. App. 3d 854, 484 N.E.2d 1165, where the defendant pleaded guilty to aggravated criminal sexual abuse. Defendant claimed that he was unaware that his belief that the victim was 16 years or older was a possible defense to the charge. The public defender assigned to the case testified that while he could not recall the specifics of his conversations with defendant, he had thoroughly discussed the case with defendant, including the defense of a reasonable belief as to the alleged victim's age. Even though this defense was discussed, defense counsel claimed that defendant may not have understood it. On these facts, our court held that at the time he entered his plea, defendant misapprehended the law and his motion to withdraw his plea should be granted. *Cosby* differs from the case at hand because Cosby was able to prove that he was actually ignorant of a possible defense. In the instant case, Staple clearly knew of the defense, but simply misjudged the likelihood of its success.

■ Next, defendant argues that his privately retained counsel, Michael McClellan, should have withdrawn, as he was forced to argue his own ineffectiveness in advising defendant to enter a plea of guilty to armed robbery. Neither defendant nor his retained counsel requested that different counsel be appointed at his hearing to withdraw the guilty plea. Our supreme court has held that a trial court's decision not to appoint separate counsel on an ineffective-assistance-of-counsel claim will not be erroneous if the underlying claim is deemed to be without merit or related to a matter of trial tactics. (*People v. Crane* (1991), 145 Ill. 2d 520, 533, 585 N.E.2d 99, 105.) As stated above, we find defense counsel's advice to be based on sound legal reasoning. Therefore, the trial court was under no obligation to appoint different counsel.

Defendant cites a fourth district case, *People v. Ball* (1977), 50 Ill. App. 3d 36, 365 N.E.2d 243, for the proposition that an unacceptable conflict of interest arises when counsel is allowed to argue his own incompetency at a hearing to withdraw a guilty plea. In *Ball*, appointed counsel had represented to the court that defendant was competent to enter a plea of guilty. At a hearing to withdraw that plea, the same appointed counsel was forced to contradict himself and argue that defendant was incompetent at the time his plea was entered. The present case differs, in that counsel is not forced to contradict himself. The advice given to defendant at the time of his plea was competent advice. Subsequent events have shown that a different result was

possible, but by no means certain. Unlike *Ball*, counsel in the case at hand has not argued, nor is he capable of arguing, that his advice at the time the plea was entered was incorrect.

Defendant also cites *People v. Willis* (1985), 134 Ill. App. 3d 123, 479 N.E.2d 1184, where defendant's appointed counsel used a different person's "rap sheet" in forming an appraisal of defendant's probable sentence if he went to trial. The same counsel continued to represent defendant at a hearing to withdraw his plea of guilty. Again, the court found in *Willis* precisely what we fail to see in the case at hand—factual allegations supporting a charge of ineffective counsel. Nowhere is it alleged that defense counsel in the present case gave advice to his client that was less than competent.

The decision of the trial court is affirmed.

Affirmed.

GREEN, P.J., and McCULLOUGH, J., concur.