THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
DALE WAYNE RIEGLE, Defendant-Appellant.

Fourth District   No. 4—92—0776

Argued May 11, 1993.—Opinion filed June 24, 1993.

Richard J. Doyle, of Law Offices of Richard J. Doyle & Associates, of Danville, and Alexander M. Wilson (argued), for appellant.

Craig H. DeArmond, State's Attorney, of Danville (Norbert J. Goetten, Robert J. Biderman, and Jeffrey K. Davison (argued), all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE LUND delivered the opinion of the court:

Defendant Dale Wayne Riegle appeals an order of the circuit court of Vermilion County denying a motion to withdraw his guilty plea. Defendant pleaded guilty to a number of drug charges, but moved to withdraw this plea prior to sentencing. The motion was denied, and defendant was sentenced to 14 years' imprisonment. Defendant did not resubmit his motion to withdraw his plea, nor did he file a motion to reconsider sentence. Defendant now appeals both the denial of his motion to withdraw guilty plea and his sentence. He requests that his conviction and sentence be vacated and the cause remanded for trial or, in the alternative, that the cause be remanded for a new sentencing hearing before a different judge. We affirm.

On May 11, 1989, defendant was involved in a sale of 24.6 grams of cocaine to an undercover police officer. On August 8, 1989, agents for the Vermilion County Metropolitan Enforcement Group went to his place of business, placed him under arrest, and asked for consent to search his residence. Consent was given and 219.6 grams of 85% pure cocaine were seized from defendant's home. Defendant then gave a taped statement acknowledging his involvement in the May 11, 1989, transaction and indicated that the cocaine found in his residence was being held for another individual. He claimed he would receive $200 for keeping the cocaine for this other individual and stated that he had held half-pound packages of cocaine 10 to 12 times in the last three months.

On June 10, 1991, defendant pleaded guilty to: count I—delivery of controlled substance (15 to 100 grams) on May 11, 1989 (Class X, 6 to 30 years); count II—possession of controlled substance with intent to deliver (100 to 400 grams) on August 8, 1989 (Class X, 9 to 40 years); count III—possession of controlled substance (100 to 400 grams) on August 8, 1989 (merger into count II); count IV—calcu-

lated criminal drug conspiracy on August 11, 1989 (Class X, 6 to 30 years); and count V—narcotics racketeering between January 25, 1989, and August 8, 1989 (Class 1, 4 to 15 years). In exchange for this plea, a 1990 felony count was dropped. In addition, defendant agreed to forfeit his home, bank accounts, and automobile, all of which had been named in a temporary restraining order (TRO) previously issued by the court.

Defendant first complains of five errors in the trial court's Supreme Court Rule 402(a) (134 Ill. 2d R. 402(a)) admonishments, which he argues rendered his guilty plea involuntary.

The first claim involves the fact that the trial judge misinformed defendant of the minimum and maximum sentence for count I. The court realized its mistake and corrected itself, but this mistake, combined with numerous interjections by the State's Attorney, created an air of confusion.

Second, the trial judge described the punishment for count IV as "the same possible incarceration penalties as I just told you about." The last penalty he had spoken about was 9 to 40 years on count II. The correct sentencing range for count IV is 6 to 30 years.

The third claim of error is that defendant was not advised of the maximum sentence that could be imposed because the trial judge failed to advise him of the possibility of receiving consecutive sentences.

In the fourth claim, defendant contends he was not advised of the forfeiture provisions of the Illinois Controlled Substances Act (Ill. Rev. Stat. 1991, ch. 56½, par. 1100 *et seq.*).

The fifth and final claim is based upon a typographical error in count IV. Count IV states that a drug conspiracy took place on August 11, 1989, rather than the correct date of May 11, 1989. This error was not noticed, and defendant pleaded guilty to count IV. This error first appeared on the original bill of indictment and was not brought to the court's attention until defendant filed his motion to withdraw his plea.

The State contends that defendant has waived all but one of his claims of error by his failure to include them in his motion to withdraw his guilty plea. The State argues that the only claim preserved for appeal is the issue regarding the incorrect date in count IV of the indictment. This argument is unfounded, since paragraphs 9 and 10 of defendant's amended complaint clearly raise issues regarding the voluntariness of his plea and the fact that he did not understand the potential penalties under the plea agreement.

■ On our own motion, we consider whether defendant has failed to perfect his appeal by his failure to resubmit his motion to withdraw his guilty plea *after* sentence was handed down. Defendant's motion to withdraw his plea was filed and denied prior to his sentencing on September 17, 1992. After sentencing, defendant filed a notice of appeal, but did not submit another motion to withdraw his guilty plea. Defendant's motion to withdraw his plea, filed prior to sentencing, was inadequate to perfect his appeal under Supreme Court Rule 604(d), which states in relevant part:

"No appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, *within 30 days of the date on which sentence is imposed*, files in the trial court a motion to reconsider the sentence, if only the sentence is being challenged, or, if the plea is being challenged, a motion to withdraw his plea of guilty and vacate the judgment. The motion shall be in writing and shall state the grounds therefor. *** Upon appeal any issue not raised by the defendant in the motion to reconsider the sentence or withdraw the plea of guilty and vacate the judgment shall be deemed waived." (Emphasis added.) (Official Reports Advance Sheet No. 8 (April 15, 1992), R. 604(d), eff. August 1, 1992.)

We addressed this issue in *People v. Hale* (1979), 77 Ill. App. 3d 721, 396 N.E.2d 317, *rev'd on other grounds* (1980), 82 Ill. 2d 172, 411 N.E.2d 867, where our court asked:

"Can a motion to withdraw a plea of guilty be filed and heard prior to sentencing?

Yes.

But an appeal from a denial of such motion cannot be taken until after sentence and the filing of *another* motion to withdraw the plea." (Emphasis added.) *Hale*, 77 Ill. App. 3d at 721-22, 396 N.E.2d at 318.

This rule was criticized in the Second District Appellate Court opinion in *People v. Paul* (1981), 93 Ill. App. 3d 302, 417 N.E.2d 251, where that court concluded that filing a second motion was wholly redundant and unnecessary. In *People v. Ramage* (1992), 229 Ill. App. 3d 1027, 595 N.E.2d 222, the second district explicitly overruled its *Paul* decision. Initially, the court noted that the failure of a defendant convicted on a plea of guilty to file a Rule 604(d) motion is a jurisdictional defect which prevents a court of review from entertaining an appeal from that judgment. The supreme court emphasized the mandatory nature of Rule 604(d) in *People v. Wilk* (1988), 124 Ill. 2d 93, 103, 529 N.E.2d 218, 221, where the

court stated in clear terms that "rules adopted by this court concerning criminal defendants and guilty pleas are in fact rules of procedure and not suggestions." The *Ramage* court proceeded to embrace the rule laid down in *Hale*:

"Following *Wilk*, courts have construed Rule 604(d) narrowly and have insisted on strict rather than substantial compliance with the rule. (See *People v. Dickerson* (1991), 212 Ill. App. 3d 168, 171 (and cases cited therein).) It is now well settled that the timely filing of a Rule 604(d) motion *after* the imposition of sentence is a jurisdictional condition precedent to an appeal where a defendant has pleaded guilty." (Emphasis added.) *Ramage*, 229 Ill. App. 3d at 1030, 595 N.E.2d at 224.

See also *People v. Gamboa* (1992), 225 Ill. App. 3d 668, 588 N.E.2d 457.

An exception to the mandatory nature of the rule has been found whenever the defendant has been misled by an insufficient admonition pursuant to Rule 605(b) (134 Ill. 2d R. 605(b)), which alerts defendant to the necessity of filing a motion as a prerequisite to appeal. No such problem exists in the case at hand. After imposing sentence, the trial judge advised defendant:

"You do have certain rights of appeal. *The first step is to file a motion such as you already have filed to withdraw the guilty plea.* It must be filed within 30 days of today's date to state the reasons why you think you're entitled to withdraw the plea or for reconsideration of sentence."

Under our prior decision in *Hale* (accord *Ramage*), it would appear that we do not have jurisdiction to hear this appeal; however, because error in giving admonishments required under Rule 402 is alleged, it is possible a plain-error exception may apply. (See *People v. Davis* (1991), 145 Ill. 2d 240, 250-51, 582 N.E.2d 714, 719.) We will therefore address the merits of defendant's appeal.

Defendant contends he cannot be said to have entered an intelligent and understanding guilty plea, in light of errors in the trial court's admonishments required under Supreme Court Rule 402(a) (134 Ill. 2d R. 402(a)). In *Boykin v. Alabama* (1969), 395 U.S. 238, 23 L. Ed. 2d 274, 89 S. Ct. 1709, the Supreme Court held that it is a violation of due process for the court to accept a guilty plea in State criminal proceedings without an affirmative showing, placed on the record, that defendant voluntarily and understandingly entered his plea of guilty. In response to *Boykin*, Supreme Court Rule 402 (134 Ill. 2d R. 402) was enacted and states, in relevant part:

"(a) The court shall not accept a plea of guilty without first, by addressing the defendant personally in open court, informing him of and determining that he understands the following:

\*\*\*

(2) the minimum and maximum sentence prescribed by law, including, when applicable, the penalty to which the defendant may be subjected because of prior convictions or consecutive sentences." 134 Ill. 2d R. 402(a)(2).

■■ Four of defendant's five claims of error fall under Rule 402(a)(2). The first two claims involve the trial judge's somewhat confused rendering of the sentencing range available under count I and the erroneous explanation of the sentence under count IV. The third claim involved the court's failure to advise defendant of the possibility of consecutive sentencing, and the fourth was the failure to mention the forfeiture provisions included under count V.

In regard to the failure to advise defendant of the possibility of consecutive sentencing, the third claim, numerous court decisions have held that a misapprehension by defendant as to sentencing alternatives may render a guilty plea involuntary if defendant was actually unaware of the possible punishment. (*People v. Davis* (1991), 145 Ill. 2d 240, 249, 582 N.E.2d 714, 718.) However, our court has held that no prejudice results when a defendant is sentenced within the limits stated to him, even though these statements were understated. (*People v. Culp* (1984), 127 Ill. App. 3d 916, 925, 468 N.E.2d 1328, 1334; see also *People v. Cherry* (1975), 29 Ill. App. 3d 929, 332 N.E.2d 55.) As defendant received concurrent sentences, he has not been prejudiced.

The same theory applies to the trial court's error regarding the sentencing range under count IV. The court implied the range to be 9 to 40 years, when it was actually 6 to 30 years. As the sentence handed down was only 14 years, defendant was not prejudiced. As to the court's somewhat confused rendering of the sentence for count I, the trial record indicates the mistake was immediately corrected. Defendant was asked more than once if he understood the proceedings. If he or his counsel were confused by the sentencing on count I, ample opportunity was available for clearing the air.

■■ The fourth and last claim of error falling under Rule 402(a)(2) is that the court failed to admonish defendant of the forfeiture provisions under count V. Defendant was charged with narcotics racketeering in violation of section 4 of the Narcotics Profit Forfeiture Act (Forfeiture Act) (Ill. Rev. Stat. 1991, ch. 56½, par.

1654). Section 5 of the Forfeiture Act provides for fines and penalties applicable to this offense. (Ill. Rev. Stat. 1991, ch. 56½, par. 1655.) Although defendant was correctly admonished of the potential fine of $250,000 under this section, no mention was made of the forfeiture provisions.

We agree with the State's argument that defendant cannot reasonably claim he was prejudiced. The State explained at the outset of the plea hearing, in open court, the details of its negotiated plea with defendant, including details of the forfeiture. Furthermore, the court had already admonished defendant that he was subject to forfeiture provisions under count IV, calculated criminal drug conspiracy. (Ill. Rev. Stat. 1991, ch. 56½, pars. 1405(b)(1), (c).) Furthermore, we cannot ignore the fact that defendant's home, car, and bank accounts were already subject to a TRO issued previously by the court. Evidence of defendant's prior knowledge of the forfeiture provisions is overwhelming.

■ Defendant's fifth claim of error deals with the fact that count IV charged defendant with having engaged in a calculated criminal drug conspiracy (Ill. Rev. Stat. 1991, ch. 56½, par. 1405(b)(1)) on August 11, 1989, three days after he was arrested on August 8, 1989. The correct date is May 11, 1989. At the hearing on this motion, defense counsel argued that his client's willingness to plead guilty to a crime that he did not commit on that particular day is further evidence that defendant did not enter his plea of guilty in an intelligent and understanding manner. We find the error trivial and, since full discovery was furnished to defendant, he could not have possibly been surprised or prejudiced.

Our supreme court established the standard for overturning a trial court's denial of a motion to withdraw guilty plea in *Davis*. The court found that the failure to properly admonish a defendant alone does not automatically establish grounds for reversing the judgment or vacating the plea. Whether reversal is required depends on whether real justice has been denied or whether defendant has been prejudiced by the inadequate admonishment. (*Davis*, 145 Ill. 2d at 250, 582 N.E.2d at 719.) We find no indication that the defective admonishment has prejudiced defendant. This case serves as an example of the value of having a memorandum prepared, prior to hearing, accurately stating the charges, potential sentences, and plea agreement. The existence of enhanced and extended sentencing factors, combined with various forfeiture provisions and penalties, may make preparation of such memorandum a necessity in the future.

■ Next, defendant argues the trial judge relied upon an improper sentencing factor. This issue was not raised by motion to withdraw the plea and is therefore waived. Official Reports Advance Sheet No. 8 (April 15, 1992), R. 604(d), eff. August 1, 1992.

At oral argument, defendant presented the issue of ineffective assistance of counsel. Because this issue was not included in a motion to withdraw guilty plea (Official Reports Advance Sheet No. 8 (April 15, 1992), R. 604(d), eff. August 1, 1992) and was not argued in the written brief (see 134 Ill. 2d R. 341(e)(7)), we find the issue waived.

Affirmed.

KNECHT and COOK, JJ., concur.