THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. LASHAWN R. WILSON, Defendant-Appellant.

Fourth District   No. 5—97—0182

Argued January 28, 1998.—Opinion filed March 20, 1998.

McCULLOUGH, J., dissenting.

Daniel D. Yuhas and Lawrence J. Essig (argued), both of State Appellate Defender's Office, of Springfield, for appellant.

Lawrence R. Fichter, State's Attorney, of Decatur (Norbert J. Goetten, Stephen E. Norris, and Heath H. Hooks (argued), all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE STEIGMANN delivered the opinion of the court:

In September 1996, defendant, LaShawn R. Wilson, pleaded guilty to first degree murder (720 ILCS 5/9—1(a)(1) (West Supp. 1995)). The trial court admonished defendant pursuant to Supreme Court Rule 402 (134 Ill. 2d R. 402), entered judgment on the plea, and then sentenced him to 40 years in prison. Defendant later filed a motion to withdraw his guilty plea, and in January 1997, the court denied that motion.

Defendant appeals, arguing that the trial court erred by (1) refusing to accept his stated wish to reinstate his plea of not guilty at the

conclusion of the guilty plea hearing, which the court reconvened three days after defendant initially pleaded guilty; (2) denying his motion to withdraw his guilty plea; and (3) applying the truth-in-sentencing provisions of section 3—6—3 of the Unified Code of Corrections (Code) (730 ILCS 5/3—6—3 (West 1994)), as amended by Public Act 89—404 (Pub. Act 89—404, § 40, eff. August 20, 1995 (1995 Ill. Laws 4323-27)), to his sentence. Defendant also argues this court must remand to the trial court because counsel's certificate violated Supreme Court Rule 604(d) (145 Ill. 2d R. 604(d)). We affirm and remand with directions.

## I. BACKGROUND

In February 1996, the State charged defendant with five counts of first degree murder. At a hearing held September 10, 1996, defendant tendered a plea of guilty to one count in exchange for the State's agreement to dismiss the accompanying counts and recommend no more than 40 years' imprisonment.

At the hearing, the trial court admonished defendant regarding the possibility of a consecutive sentence as follows:

"THE COURT: If that is correct [that defendant was convicted of armed robbery in 1992 and subsequently released on parole], any sentence that would be imposed at this time would have to be consecutive to that sentence which was imposed in 1992.

Do you understand what the word 'consecutive' means?

THE DEFENDANT: Yes. I understand that it means. By itself.

THE COURT: Right. You would have to complete any sentence on that case and then this sentence would run after that case. 'Consecutive' means here is one sentence, and that has to be served, and then this one has to be served after that one.

So if they have a parole violation and they take you back on the parole violation and give you like an additional 'X' period of time, you would have to serve that before this starts to run.

THE DEFENDANT: I don't understand that.

THE COURT: Well[,] what don't you understand?

THE DEFENDANT: I am saying you say 'consecutive' if my parole is violated.

THE COURT: If your parole is violated and they take you back and put you in the Department of Corrections to complete that term, this term won't start until that term is completed. That's mandatory. It has to be that way. It can't be any other way. That's the way the legislature has structured the law. I don't know what the Department of Corrections is going to do, but I have to apprise you that that is a possibility.

[STATE'S ATTORNEY:] That might be up to them, Your Honor.

I am not sure it's mandatory for us to make it consecutive. It could be up to them.

THE COURT: It's mandatory for this Court to make it consecutive. If they violate him, we will have to make it consecutive. So knowing that, do you wish to go ahead and proceed with your plea of guilty?

THE DEFENDANT: Yes, sir."

After admonishing defendant, the trial court entered judgment on defendant's guilty plea and sentenced him to 40 years in prison. At the sentencing hearing, the State's Attorney asked whether the trial court would admonish defendant that he would be required to serve 100% of his sentence, pursuant to the truth-in-sentencing provisions of the Code (Pub. Act 89—404, § 40, eff. August 20, 1995 (1995 Ill. Laws 4323-27) (amending 730 ILCS 5/3—6—3 (West 1994))). Defense counsel stated that he had explained that to defendant, and the court stated as follows:

"THE COURT: There is an aspect in the [legislation] which indicates that the Court should admonish—It's basically for the public. It's not for the [d]efendant. It doesn't have any impact on the [d]efendant. It is to inform the public if they have any question on the amount of time."

Three days later (September 13, 1996), the trial court conducted a hearing at which the court informed defendant that he would not necessarily be required to complete any unsatisfied prior sentences before serving the sentence in the present case. The following colloquy occurred:

"THE COURT: [Defendant], when you were here earlier, I think—I know I indicated to you that any sentence the [c]ourt would have to impose was a mandatory consecutive sentence to the case in which you were on parole on at this particular time. I've done a little bit of research. That is not the case. That could be discretionary within the option of the [c]ourt.

Do you understand that?

DEFENDANT: Yes, sir.

THE COURT: Knowing that, do you still wish to leave stand your plea of guilty?

DEFENDANT: No, sir.

THE COURT: What do you wish to do?

DEFENDANT: I wish to vacate my plea of guilty, your honor.

THE COURT: Are we ready for trial? Can we reallot it for Monday?"

At the hearing, the court also allowed defendant to file a *pro se* motion to "vacate his guilty plea," in which he alleged coercion and ineffective assistance of counsel.

In December 1996, newly appointed counsel filed an amended motion to withdraw guilty plea, alleging (1) the factual basis was insufficient to support the charge; (2) defendant's guilty plea was involuntary; and (3) defendant's trial counsel was ineffective. Counsel also filed a certificate pursuant to Supreme Court Rule 604(d) (145 Ill. 2d R. 604(d)), in which he stated that he "obtained the trial court file from Judge Patton's court reporter and examined that file in Judge Patton's courtroom." In January 1997, the trial court conducted a hearing on defendant's motion to withdraw his guilty plea and denied it.

## II. ANALYSIS

Defendant appeals, arguing that the trial court erred by (1) refusing to reinstate his plea of not guilty at the September 13, 1996, hearing, and (2) denying his motion to withdraw guilty plea.

### A. Defendant's Guilty Plea

Defendant first argues that the trial court violated Supreme Court Rule 402 (134 Ill. 2d R. 402) by refusing to reinstate his plea of not guilty at the September 13, 1996, hearing. Defendant characterizes the September 13, 1996, hearing as a "reconvened guilty plea hearing," stating that the trial court clearly "reopened" the guilty plea hearing to admonish him as required by Rule 402 (134 Ill. 2d R. 402). As such, he contends that his reply, "No, sir," when the court asked if he intended to "leave stand [his] plea of guilty" constituted a plea of "not guilty." He quotes the court's words, "Are we ready for trial? Can we reallot it for Monday?" as support for his contention that the September 13, 1996, hearing was a continuation of the guilty plea hearing and that the guilty plea he entered on September 10, 1996, was meaningless. We disagree.

■ The record clearly shows that defendant entered a guilty plea at the September 10, 1996, hearing. The trial court admonished him regarding the nature of the charges, the constitutional rights he would waive by pleading guilty, and the sentences it could impose. It determined that no threats or promises were made to defendant in exchange for his plea and confirmed that he was not impaired by alcohol or drugs. Thus, the court substantially complied with the requirements of Rule 402 before accepting defendant's guilty plea. The court then entered judgment on the plea and imposed the agreed-upon sentence of 40 years in prison.

Moreover, defendant's own actions indicate that he believed he had pleaded guilty at the September 10, 1996, hearing. On September 11, 1996, defendant filed a *pro se* motion to "vacate" his guilty plea.

Although the trial court may have thought it was reconvening

defendant's guilty plea hearing when the court began the proceedings on September 13, 1996, the court was not required to do so by any alleged deficiencies in the Rule 402 admonitions it had given to defendant three days earlier. Thus, at the conclusion of the September 13, 1996, hearing, when defendant indicated he did not wish to adhere to his previous guilty plea, the court had discretion to view the hearing on that date as separate and apart from the earlier guilty plea hearing, and the court apparently chose to do so.

### B. Defendant's Motion To Withdraw Guilty Plea

Defendant next argues that the trial court erred by denying his motion to withdraw guilty plea because (1) the court's admonitions regarding sentencing were confusing; thus, defendant's guilty plea was not knowing and voluntary as required by Rule 402 (134 Ill. 2d R. 402); (2) his trial counsel forced him to plead guilty; (3) his guilty plea was based on a misapprehension of law; and (4) his counsel violated the certification requirement of Supreme Court Rule 604(d) (145 Ill. 2d R. 604(d)).

■ Whether to permit a defendant to withdraw his guilty plea lies within the trial court's sound discretion, and a reviewing court will not disturb that decision absent an abuse of discretion. *People v. Staple*, 233 Ill. App. 3d 8, 9, 598 N.E.2d 384, 386 (1992).

### 1. *The Admonitions*

Defendant first contends that confusion pervaded the plea proceedings to the extent that his guilty plea was unknowing and involuntary in violation of Rule 402(b) (134 Ill. 2d R. 402(b)). He specifically claims that (1) the trial court gave inaccurate information regarding consecutive-sentencing options; and (2) the repeated questions he asked indicated his confusion regarding the court's admonitions.

■ The purpose of Supreme Court Rule 402(a) (134 Ill. 2d R. 402(a)), requiring the trial court to give a defendant various admonitions before accepting a guilty plea, is to ensure that a defendant understands his plea, the rights he has waived by pleading guilty, and the consequences of his actions. *People v. Johns*, 229 Ill. App. 3d 740, 743, 593 N.E.2d 594, 597 (1992). The supreme court has held that substantial compliance with Rule 402 is sufficient. *People v. Burt*, 168 Ill. 2d 49, 64, 658 N.E.2d 375, 382 (1995).

During the proceedings, defendant several times asked for clarification or stated that he did not understand something. The record shows that each time defendant expressed confusion, the trial court clarified or explained the issue, repeatedly inquired whether defendant understood, and did not continue until defendant confirmed

that he understood. Defendant then pleaded guilty and the following colloquy occurred:

"THE COURT: And do you feel you understand what that means? If you've got any questions now, I will try and answer them.

THE DEFENDANT: I understand.

THE COURT: You understand?

THE DEFENDANT: Yes, sir."

■ For a guilty plea to be constitutionally valid, the record must affirmatively show the plea was intelligent and voluntary. The constitutional requirement is satisfied when the trial court substantially complies with Rule 402(b) (134 Ill. 2d R. 402(b)). *Johns*, 229 Ill. App. 3d at 742, 593 N.E.2d at 596. Here, the court admonished defendant on the nature of the charges, the constitutional rights he would waive by pleading guilty, and the sentences it could impose. Thus, the court substantially complied with the requirements of Rule 402 before accepting defendant's guilty plea. Moreover, defendant gave appropriate responses to questions posed by the court at the plea hearing and specifically stated that he understood the pleadings. Based on this record, we conclude that the trial court did not err by determining that defendant's guilty plea was knowing and voluntary.

Defendant also contends that the trial court contributed to the confusion when it appeared to accept a plea of not guilty at the September 13, 1996, hearing—namely, when it asked "Are we ready for trial? Can we reallot it for Monday?"

We first note that the trial court's clarification on the issue of consecutive sentencing was not necessary to substantially comply with Rule 402. Furthermore, even assuming *arguendo* that the court's admonitions concerning sentencing were insufficient, failure to properly admonish defendant does not automatically establish grounds for reversing judgment or vacating a guilty plea; whether reversal is required depends on whether real justice has been denied or whether defendant has been prejudiced by inadequate admonishment. *People v. Davis*, 145 Ill. 2d 240, 244, 582 N.E.2d 714, 719 (1991).

■ Here, defendant was not prejudiced by either the trial court's initial failure to inform him that consecutive sentencing was not mandatory or its subsequent clarification. On September 10, 1996, defendant stated that he was willing to plead guilty even under the more stringent (albeit incorrect) sentencing conditions that the court first described. Further, the fact that the court later informed defendant it had discretion to impose either consecutive or concurrent sentences did not affect the sentence in any way. At the September 10,

1996, plea proceedings, the court sentenced defendant to 40 years in prison. It did not change that sentence at the subsequent hearing. See *People v. Riegle*, 246 Ill. App. 3d 270, 275, 615 N.E.2d 1232, 1235 (1993) (a defendant was not prejudiced by the court's misinforming him that sentencing range under one count of conviction was 9 to 40 years, even though it was actually 6 to 30 years, as the sentence handed down was only 14 years); *People v. Hoyer*, 100 Ill. App. 3d 418, 420, 426 N.E.2d 1139, 1140-41 (1981) (where the trial court understates the possible maximum penalty but sentences within the limits it stated, no prejudice results and defendant is not entitled to withdraw his guilty plea).

Because defendant suffered no prejudice from the trial court's admonitions regarding sentencing, we hold that the court did not err by denying the motion to withdraw on the ground that defendant's guilty plea was involuntary.

## 2. *Defendant's Claim of Misapprehension of Law*

Defendant next contends that the trial court should have granted his motion to withdraw his guilty plea because he pleaded guilty based on a misapprehension of law—namely, he mistakenly believed he could automatically withdraw his plea by simply filing a motion to withdraw. We disagree.

■ Generally, a trial court should grant a motion to withdraw guilty plea based on a misapprehension of law or fact when the defendant has a defense worthy of consideration, or when doubt exists as to defendant's guilt and the ends of justice would be better served by submitting the cause to trial. *Staple*, 233 Ill. App. 3d at 10, 598 N.E.2d at 386. Defendant bears the burden to establish that the circumstances existing at the time of plea, judged by objective standards, justified his mistaken impression. Absent substantial objective proof showing that defendant's mistaken impression was reasonably justified, subjective impressions alone are not sufficient grounds on which to vacate a guilty plea. *People v. Artale*, 244 Ill. App. 3d 469, 475, 612 N.E.2d 910, 915 (1993).

In this case, defendant does not claim that his attorney gave him incorrect information. Furthermore, the trial court described the appeal process on the record, stating, in pertinent part, as follows:

"[Y]ou have the right to appeal. Before taking an appeal you would have to file within 30 days a written motion *asking to have the trial court reconsider* the sentence or to have the judgment vacated and a [*sic*] for leave to withdraw your plea of guilty, setting forth the reasons in the motion. *If* the motion is allowed, the sentence would be modified or the plea and sentence and judgment would be vacated and trial date would be set ***." (Emphasis added.)

■ Because the trial court informed defendant he would have to *ask* the court for leave to withdraw the plea and used the conditional word "if," defendant's belief that he could automatically withdraw his plea was not reasonably justified. Furthermore, the appellate court has held that where neither counsel nor the trial court induced a defendant's misunderstanding, the defendant's guilty plea can stand. *People v. Murphy*, 248 Ill. App. 3d 42, 48, 618 N.E.2d 399, 403 (1993). Accordingly, we hold that the trial court did not err by denying defendant's motion to withdraw guilty plea on this basis.

### 3. *Defendant's Claim of Coercion*

Defendant next contends that the trial court should have granted his motion to withdraw guilty plea because his trial counsel coerced him into pleading guilty. We disagree.

■ Defendant alleges that defense counsel told him, "Take the plea or die." At the January 17, 1997, hearing on the motion to withdraw guilty plea, counsel admitted that, "I don't think there is any question at all about the fact that I pressured him into this plea, but I did it for a reason. I did it to save his life." He testified that, based on his research of the issues and merits of the case, he strongly believed that if defendant did not accept the plea, he would be convicted and sentenced to death. Counsel continued to negotiate with the State and recommend that defendant should accept the plea. Nevertheless, he left the final decision up to defendant. He testified that it had to be defendant's choice "to take the risk or take the plea."

It is well settled in Illinois that an attorney's honest assessment of a defendant's case may not be the basis for holding a guilty plea involuntary. In fact, given the considerable evidence against defendant in this case, counsel owed defendant a duty to inform him of the probability of outcomes if defendant chose to proceed to trial. *People v. Bien*, 277 Ill. App. 3d 744, 751, 661 N.E.2d 511, 516 (1996). Accordingly, we hold that the trial court did not err by denying the motion to withdraw guilty plea based on defendant's allegations that trial counsel coerced him into pleading guilty.

### 4. *The Rule 604(d) Certificate*

Defendant next contends that this court must remand to the trial court for the filing of a new motion to withdraw guilty plea and a new hearing on the motion because his counsel failed to follow the mandatory certificate requirements governing a guilty plea, pursuant to Supreme Court Rule 604(d) (145 Ill. 2d R. 604(d)). Specifically, defendant contends that counsel failed to aver he examined the report of proceedings of the guilty plea.

■ Rule 604(d) sets forth defense counsel's duties regarding preparing and presenting a motion to withdraw guilty plea, and provides a simple, straightforward, and mandatory procedure designed to insure that those duties are performed and, thus, defendant's due process rights are protected. *People v. Dickerson*, 212 Ill. App. 3d 168, 171, 570 N.E.2d 902, 904 (1991). It provides, in pertinent part, as follows:

> "The defendant's attorney shall file with the trial court a certificate stating that the attorney has consulted with the defendant either by mail or in person to ascertain his contentions of error in the sentence or the entry of the plea of guilty, has examined the trial court file and *report of proceedings* of the plea of guilty, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." (Emphasis added.) 145 Ill. 2d R. 604(d).

The supreme court designed Rule 604(d) to meet a specific need—namely,

> "to eliminate needless trips to the appellate court and to give the trial court an opportunity to consider the alleged errors and to make a record for the appellate court to consider on review in cases where defendant's claim is disallowed." *People v. Wilk*, 124 Ill. 2d 93, 106, 529 N.E.2d 218, 223 (1988).

The supreme court requires strict compliance with the certificate requirement of Rule 604(d). *People v. Janes*, 158 Ill. 2d 27, 32, 630 N.E.2d 790, 792 (1994).

In *People v. Shirley*, 284 Ill. App. 3d 734, 738, 672 N.E.2d 1340, 1343 (1996), the certificate stated, in pertinent part, " '[D]efendant offers no amendments to the Motion to Reconsider/Reduce Sentence.' " The appellate court held this language strictly complied with Rule 604(d)'s requirement that the certificate state the attorney "has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." *Shirley*, 284 Ill. App. 3d at 738, 672 N.E.2d at 1343.

In his Rule 604(d) certificate, counsel stated that he "obtained the trial court file from Judge Patton's court reporter and examined that file in Judge Patton's courtroom." He did not expressly state he had examined the "report of proceedings."

■ Nonetheless, we agree with the State's contention that defense counsel's certificate complied with Rule 604(d) because the certificate referred to a particular file and that file contained the report of proceedings. The record shows on September 20, 1996, the court reporter certified the transcripts of the guilty plea hearing and the September 13, 1996, hearing. Because the usual procedure would

have been for the court reporter to place the transcripts of those hearings in the court file, the file to which counsel referred in the Rule 604(d) certificate would have likely contained the "report of proceedings."

Thus, in this case, the record establishes that defense counsel did fulfill his duty in preparing and presenting the motion to withdraw guilty plea. Although the certificate was inartfully worded, based on the record in this case, we conclude that defense counsel complied with the requirements of Rule 604(d) by referring to the specific file he obtained from the court reporter that contained the report of proceedings.

Moreover, we note that the record here confirms that counsel did indeed examine the report of proceedings because he referred to the transcript of the plea hearing (September 10, 1996) and the September 13, 1996, hearing both in the amended motion to withdraw the guilty plea and at the January 17, 1997, hearing on the motion. We also note that this issue could have been avoided entirely had counsel used more precise language in drafting the Rule 604(d) certificate, and we urge all attorneys to be meticulous in drafting such certificates.

## C. Truth-in-Sentencing Provisions

Last, defendant argues that he should receive credit toward his sentence for good conduct. Specifically, he contends that the truth-in-sentencing provisions of section 3—6—3 of the Code (Pub. Act 89—404, § 40, eff. August 20, 1995 (1995 Ill. Laws 4323-27) (amending 730 ILCS 5/3—6—3 (West 1994)))—which bar him from receiving credit for good conduct—violate the single subject rule of the Illinois Constitution (Ill. Const. 1970, art. IV, § 8(d)). We agree.

The single subject rule provides as follows: "Bills, except bills for appropriations and for the codification, revision[,] or rearrangement of laws, shall be confined to one subject." Ill. Const. 1970, art. IV, § 8(d). The rule prohibits the inclusion of discordant provisions that are unrelated to each other. *Johnson v. Edgar*, 176 Ill. 2d 499, 514-15, 680 N.E.2d 1372, 1379 (1997).

Public Act 89—404, which amended section 3—6—3 of the Code, contains the truth-in-sentencing provisions as well as eight other sections of the Act which address some aspect of the criminal justice system. Because these nine sections all concern criminal law or procedure, they comply with the single subject rule when liberally construed. However, section 10 amends the Hospital Lien Act (Pub. Act 89—404, § 50, eff. August 20, 1995 (1995 Ill. Laws 4336-37) (amending 770 ILCS 35/1, 2 (West 1994))), providing a mechanism

for nonprofit hospitals and hospitals operated by a unit of local government to file a lien upon claims and causes of actions of injured persons who have been treated by such hospitals for the payment of their treatment. Because section 10 of the Act is totally unrelated to the first nine sections, we hold that Public Act 89—404 violates the single subject rule and is therefore invalid. See *People v. Pitts*, 295 Ill. App. 3d 182, 188 (1998).

■ The effect of enacting an unconstitutional amendment to a statute is to leave the law in force as it was before the adoption of the amendment. *People v. Gersch*, 135 Ill. 2d 384, 390, 553 N.E.2d 281, 283 (1990). Accordingly, section 3—6—3 of the Code (730 ILCS 5/3— 6—3 (West 1994)) applies to defendant and he is eligible for day-for-day good-time credit as provided in section 3—6—3 of the Code prior to any truth-in-sentencing amendments added thereto. 730 ILCS 5/3—6—3 (West 1994).

## III. CONCLUSION

For the reasons stated, we affirm the trial court's judgment and remand with directions that the court amend the sentencing order to reflect that defendant is eligible for day-for-day good-time credit as provided in section 3—6—3 of the Code prior to any truth-in-sentencing amendments added thereto.

Affirmed and remanded with directions.

GREEN, J., concurs.

JUSTICE McCULLOUGH, dissenting:

I disagree with the majority as to the first issue raised by the defendant. The trial court erred in refusing defendant's stated desire to plead not guilty.

I do agree that the hearing held September 10, 1996, substantially complied with Rule 402(b). The record shows a *pro se* motion filed September 11, 1996, by defendant to withdraw his plea of guilty based upon ineffectiveness of counsel. The record also shows five other *pro se* motions purported to have been signed by defendant on September 11, 1996, but none of these show a clerk's file stamp.

On September 13, 1996, the State's Attorney and defendant and his attorney were before the court. The record does not indicate at whose behest the hearing was held although defendant's amended motion to withdraw states the hearing was at the request of the State's Attorney. The apparent purpose of the hearing was to admonish defendant anew as to the option of a consecutive sentence. The colloquy shows:

"THE COURT: *** Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: Knowing that, do you still wish to leave stand your plea of guilty?

THE DEFENDANT: No, sir.

THE COURT: What do you wish to do?

THE DEFENDANT: I wish to vacate my plea of guilty, Your Honor.

THE COURT: Are we ready for trial? Can we reallot it for Monday?

MR. AHOLA: Well I have about 50 witnesses I called off already.

MR. MORTHLAND: We have also called off the witness for us."

As the majority suggests, the trial court may have thought it was reconvening defendant's guilty plea hearing on September 13, 1996. We should not hold the defendant to a higher standard. The record is clear that when asked if he wished to leave stand his plea of guilty, defendant responded, "No, Sir," and "I wish to vacate my plea of guilty, your honor." This is no different than the usual case when a defendant states his plea of guilty, the court admonishes defendant and again asking defendant, do you persist in your plea of guilty, he answers no. As the record shows, the trial court asked counsel as to trial readiness, "Can we reallot it for Monday?" Both the State's Attorney and defendant's attorney answered that they had excused their witnesses from coming in. The record suggests the trial court accepted the plea of not guilty and reallotted the case for jury trial.

I am unaware of a case with a similar factual setting where, at the request of the State's Attorney, a new admonition hearing is held as to the possible penalty and upon questioning by the trial court, "Do you still wish to leave stand your plea of guilty" he answers, "No, Sir." I suggest the hearing of September 13 should not be considered separate from the September 10 hearing as to the Rule 402 hearing. There simply is not a confirmed guilty plea. Under the facts of this case, the trial court did abuse its discretion in refusing to allow defendant to withdraw his plea of guilty.