NOTICE
Decision filed 12/28/22. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2022 IL App (5th) 210188-U

NO. 5-21-0188

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Jefferson County. |
| | ) | |
| v. | ) | Nos. 18-CF-374, 19-CF-623 |
| | ) | |
| DYLAN L. EDMISON, | ) | Honorable |
| | ) | Jerry E. Crisel, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE VAUGHAN delivered the judgment of the court.
Justices Moore and Barberis concurred in the judgment.

**ORDER**

¶ 1    *Held*:   Where there was no potentially meritorious argument that the circuit court erred in denying defendant's motion to withdraw his plea, we grant defendant's appointed counsel on appeal leave to withdraw and affirm the circuit court's judgment.

¶ 2    Defendant, Dylan L. Edmison, appeals the circuit court's order denying his motion to withdraw his guilty plea. Defendant's appointed attorney, the Office of the State Appellate Defender (OSAD), filed a motion to withdraw as counsel, arguing the appeal presents no arguably meritorious issue. See *Anders v. California*, 386 U.S. 738 (1967). OSAD notified defendant of its motion. This court provided defendant ample opportunity to file a response; none was filed. After reviewing the record and considering OSAD's motion and supporting memorandum, we agree this appeal presents no issue of arguable merit. Therefore, we grant OSAD leave to withdraw and affirm the circuit court's judgment.

1

¶ 3                                    BACKGROUND

¶ 4     On February 13, 2020, the circuit court was advised that the State and defendant reached a plea agreement involving four cases pending against defendant, namely, 18-CF-374, 18-CF-499, 19-CF-321, and 19-CF-623. The State recited the plea agreement to the court, but prior to the providing the factual basis, an off-record conference was held, and an amended plea agreement was reached. The amended agreement provided that defendant would plead guilty to delivering methamphetamine (720 ILCS 646/55(a)(1) (West 2018)) in case No. 19-CF-623 and obstruction of justice (720 ILCS 5/31-4(a)(1) (West 2018)) in case No. 18-CF-374, in exchange for the dismissal of the charges in case Nos. 18-CF-499 and 19-CF-321. The amended plea further provided that defendant would be sentenced to 14 years in the Illinois Department of Corrections (IDOC) with 2 years' mandatory supervised release related to case No. 19-CF-623 which would run consecutively with the sentence of 24 months' felony conditional discharge issued in case No. 18-CF-374.

¶ 5     Defendant was asked if the language recited by the State was his understanding of the plea agreement, and defendant requested a sidebar with his attorney. Thereafter, defendant stated, "Yes, I understand everything." The court again clarified, with both counsel for the State, counsel for defendant, as well as defendant, the two charges to which defendant would plead guilty. All three confirmed the court's recitation of the charges to which defendant would plead guilty.

¶ 6     The State provided the factual basis for the obstruction of justice charge, stating defendant lied to the police about the location of a shooting in which he was a victim. The factual basis for the methamphetamine charge revealed a confidential informant purchased methamphetamine from defendant in a "controlled buy." Following the recitation of each factual basis, defendant's counsel asserted to the court that he believed the State could prove both cases beyond a reasonable doubt.

¶ 7    After addressing defendant's criminal history, the court asked defendant if he understood he did not need to plead guilty, and defendant replied "Yes, sir." Thereafter, the court informed defendant of each right he was relinquishing by pleading guilty and asked defendant if he understood he was relinquishing those rights. Defendant replied, "Yes, sir." The court further inquired whether defendant still wished to plead guilty, knowing he was relinquishing those rights. Defendant replied, "Yes, sir." The court admonished defendant of potential collateral consequences associated with the guilty plea, and asked defendant if he understood those consequences. Defendant replied, "Yes, sir." Thereafter, the court inquired whether defendant still wished to plead guilty, knowing of the potential collateral consequences. Defendant stated, "Yes, sir."

¶ 8    The court provided the potential sentencing ranges for both charges and asked defendant if he understood the sentencing ranges. Defendant replied, "Yes, sir." The court then inquired whether defendant still wished to plead guilty knowing the sentencing ranges. Defendant replied, "Yes, sir." The defendant confirmed his signature on the plea of guilty, waiver of jury trial, and proposed financial sentencing order forms for both cases.

¶ 9    Defendant provided negative responses to each of the court's queries regarding whether he was forced, threatened, or promised something other than what was contained in the documents, to sign the documents. Defendant further assured the court that he had plenty of time to discuss the agreement with his attorney, needed no additional time to confer with his attorney, and wanted the court to accept his signature on the documents as his free and voluntary act. The court found defendant's pleas were knowing, intelligent, and voluntary and that a sufficient factual basis was provided for the charges. Thereafter, the court accepted the plea agreement and imposed the agreed-upon sentence.

¶ 10    On March 12, 2020, defendant moved to withdraw the plea contending it "was not entered knowingly, intelligently, and voluntarily." The motion proceeded to hearing on June 10, 2021, and testimony was provided by defendant and his prior counsel, Scott Quinn. Defendant testified that he never saw any discovery from the State prior to the plea hearing, except for part of a video, even though he requested Mr. Quinn show him all the evidence in the case. He stated he was not confused on the day of the plea hearing and his plea was voluntary. Although he was not in the best state of mind, he confirmed he understood everything that happened.

¶ 11    When asked to explain why he wanted to withdraw the plea, defendant responded:

"Because I felt like without seeing the entirety of the motion, all the evidence, I felt like it's not a smart decision to plead out to something if you haven't seen everything. I just felt like I was in a situation where I was cornered, and I really had no choice but to just take the time out of fear of getting more time, I guess. Then later on thinking about it, sitting there thinking why would I take time if I haven't seen all the evidence."

He did not think his attorney misled him but felt that counsel could have tried to "get a better deal." He recalled the court questioning him during the plea hearing, and answering those questions honestly, but stated he was not "paying close attention" during the proceeding. Defendant further stated that he felt like was "cornered" by the State due to bail issues prior to the plea.

¶ 12    Mr. Quinn confirmed that he received discovery from the State and testified that he remembered reviewing the discovery with defendant. He elaborated:

"[T]here were a couple of videos that I recall watching in the back hallway behind here with Mr. Edmison, and then also police reports would have been, um—you know, reading them aloud with him either at the jail or here at the courthouse."

4

He recalled watching some of defendant's online music videos with defendant when they were addressing the State's motion *in limine*, and believed they also reviewed the lab results from the drug testing performed by the Drug Task Force.

¶ 13    Mr. Quinn testified that there was some "back and forth" with the prosecution while negotiating the plea agreement and stated the final agreement had less prison time than the original offer. He did not believe defendant would have done as well at trial, given the evidence against him. Mr. Quinn also addressed the bail issue. He explained that immediately after defendant posted bail on the present charge, he was served with a warrant on a preexisting case. As such, defendant was never actually released from custody despite posting "sizeable bail." Mr. Quinn discussed the issue with defendant at great length. He felt that "it might be easier for him to construct a defense" if defendant had not been in custody but believed the plea was appropriate given the evidence and discussed this with defendant. Ultimately, he believed the plea agreement was reasonable.

¶ 14    Following argument, the circuit court found defendant failed to meet his burden of showing there was a manifest injustice and denied defendant's motion to withdraw his guilty plea. Defendant timely appealed.

¶ 15                                    ANALYSIS

¶ 16    OSAD provides two potential issues for review but concludes no reasonably meritorious contention of error in the proceedings below can be raised. We agree.

¶ 17    OSAD's first potential issue addresses concerns whether postplea counsel failed to comply with Illinois Supreme Court Rule 604(d) (eff. July 1, 2017). Rule 604(d) provides that where a guilty-plea defendant moves to withdraw the plea or reconsider the sentence:

> "The defendant's attorney shall file with the trial court a certificate stating that the attorney
> has consulted with the defendant either by phone, mail, electronic means or in person to

5

ascertain defendant's contentions of error in the sentence and the entry of the plea of guilty, has examined the trial court file and both the report of proceedings of the plea of guilty and the report of proceedings in the sentencing hearing, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." Ill. S. Ct. R. 604(d) (eff. July 1, 2017).

¶ 18    Here, defendant's postplea counsel filed the Rule 604(d) certificate using nearly identical language to that contained in the rule. The record provides no basis to question counsel's averments. Thus, counsel complied with the rule, and we agree with OSAD that no meritorious argument can be raised for this issue.

¶ 19    OSAD's second potential issues considers the trial court's denial of defendant's motion to withdraw his guilty plea. OSAD concludes there is no good-faith argument that the circuit court erred in denying the motion to withdraw. We agree.

¶ 20    Defendants do not have an absolute right to withdraw a guilty plea. *People v. Hughes*, 2012 IL 112817, ¶ 32. Rather, he or she must show a manifest injustice under the facts of the particular case. *Id.* "Withdrawal is appropriate where the plea was entered through a misapprehension of the facts or of the law or where there is doubt as to the guilt of the accused and justice would be better served through a trial." *Id.* The decision to grant a motion to withdraw a guilty plea rests in the sound discretion of the circuit court, and on review, that decision is reviewed for an abuse of discretion. *Id.*

¶ 21    Here, defendant failed to show that "justice would be better served" by allowing him to withdraw his plea and proceed to trial. At the plea hearing, defendant assured the court that his plea was voluntary and that he understood the court's admonishments. At the hearing on the motion to withdraw, defendant reiterated that his plea was voluntary. He understood what was happening

6

at the hearing and stated his attorney did not mislead him in any way. His reason for wanting to withdraw the plea was his claim that he had not seen all of the State's discovery and, in hindsight, wished he had viewed the materials before accepting the State's offer. Defendant's testimony was contradicted by Mr. Quinn's testimony that addressed the materials discussed with defendant prior to the plea hearing. However, even accepting defendant's testimony as true leads to the conclusion that "defendant simply made a mistake in judgment which is no grounds for withdrawal of a plea." *People v. Staple*, 233 Ill. App. 3d 8, 10 (1992).

¶ 22    The defense also noted defendant was rearrested on a warrant stemming from a preexisting charge immediately after posting bond in this case. Defendant claimed this contributed to his feeling of being "cornered." The timing was certainly curious. However, even assuming these allegations are true, there is simply no factual support for an argument that defendant's arrest on new charges somehow contributed to his decision to plead guilty.

¶ 23    The circumstances regarding defendant's rearrest are not clear from the record. Moreover, there is no evidence the State intentionally manipulated the timing of defendant's arrest to coerce him to plead guilty in this case. Defendant stopped short of stating his rearrest on unrelated charges caused him to plead guilty. Mr. Quinn believed that it "might have been easier" to prepare a defense if defendant was not incarcerated but did not elaborate on this issue. Mr. Quinn stated he discussed the issue with defendant at length and, being aware of the circumstances, defendant nevertheless decided to plead guilty. See *People v. Burton*, 184 Ill. 2d 1, 27 (1998) ("A plea of guilty waives all nonjurisdictional defenses or defects.").

¶ 24                                    CONCLUSION

¶ 25    As this appeal presents no issue of arguable merit, we grant OSAD leave to withdraw and affirm the circuit court's judgment.

7

¶ 26     Motion granted; judgment affirmed.