# Illinois Official Reports

## Appellate Court

*People v. Holloway*, 2014 IL App (1st) 131117

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RASHIEM HOLLOWAY, Defendant-Appellant. |
| District & No. | First District, Fifth Division<br>Docket No. 1-13-1117 |
| Filed<br>Rehearing denied<br>Modified opinion filed | December 29, 2014<br>January 26, 2015<br>January 30, 2015 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 12-CR-19528(02); the Hon. Michael Brown, Judge, presiding. |
| Judgment | Reversed and remanded. |
| Counsel on Appeal | Michael J. Pelletier, Alan D. Goldberg, and Cassidey Davis Keilman, all of State Appellate Defender's Office, of Chicago, for appellant.<br><br>Anita M. Alvarez, State's Attorney, of Chicago (Alan J. Spellberg, Jon Walters, John E. Nowak, and Christopher R. Sullivan, Assistant State's Attorneys, of counsel), for the People. |

Panel                    JUSTICE McBRIDE delivered the judgment of the court, with opinion.
Presiding Justice Palmer and Justice Reyes concurred in the judgment and opinion.

**OPINION**

¶ 1     Defendant Rashiem Holloway pled guilty to one count of unlawful use of a weapon by a felon (UUWF) and received a sentence of seven years in the Illinois Department of Corrections. Defendant filed a motion to withdraw his guilty plea, but the trial court denied his motion.

¶ 2     Defendant appeals, arguing that: (1) his UUWF conviction should be reversed because the alleged predicate offense, aggravated unlawful use of a weapon, was found to be unconstitutional and void *ab initio* by the Illinois Supreme Court in *People v. Aguilar*, 2013 IL 112116; (2) defendant was never fully informed of the terms of his negotiated plea agreement in open court in violation of Supreme Court Rule 402(b) (Ill. S. Ct. R. 402(b) (eff. July 1, 2012)); (3) trial counsel's failure to amend the motion to withdraw the guilty plea when the report of proceedings showed a clear Rule 402(b) violation constituted noncompliance with Supreme Court Rule 604(d) (Ill. S. Ct. R. 604(d) (eff. Jan. 1, 2013)); and (4) defendant's fines and fees should be reduced to reflect credit for the days he spent in presentence custody.

¶ 3     In October 2012, defendant was charged by indictment with one count of unlawful use of a weapon by a felon (720 ILCS 5/24-1.1 (West 2010)) and three counts of aggravated unlawful use of a weapon (720 ILCS 5/24-1.6 (West 2010)).

¶ 4     On December 11, 2012, both defendant and his codefendant, Epigmenio Garcia, appeared before the trial court for a status hearing. At that time, defense counsel requested a conference pursuant to Supreme Court Rule 402 (Ill. S. Ct. R. 402 (eff. July 1, 2012)). The trial judge explained to defendant that a Rule 402 conference was between the attorneys and the judge, and the judge would "learn things that I wouldn't know unless there was a trial." The judge further explained that after the conference, an offer in exchange for a guilty plea will be made to defendant and he could accept or reject the offer.

¶ 5     The judge then asked if defendant wished to have a conference. Defendant responded that he wanted "to ask for a continuance." The judge stated that he could not hear defendant and asked defendant if he did not want a conference. Defendant then answered, "Yeah, I will take the conference." The case was then passed for the Rule 402 conference.

¶ 6     When the case was recalled, defense counsel stated:

> "I explained to [defendant] the offer from the 402 conference, which is on Count 1 of the charges before the Court. I believe at this time [defendant] wishes to change his plea from not guilty to guilty and accept the Court's offer of Cook County boot camp.
>
> There's a necessary condition that [defendant] swear under oath to the facts given to him–read to him by the State's Attorney and he may also have to answer some questions as well."

- 2 -

¶ 7 Defendant then indicated that he understood and wished to plead guilty. The State then nol-prossed the remaining charges. The trial court advised defendant that he had a right to continue to plead not guilty and he was pleading guilty to a Class 2 felony, which was punishable by up to 7 years in prison, which under certain circumstances, could be extended to 14 years, a fine up to $25,000, and a 2-year period of mandatory supervised release (MSR). The trial court admonished defendant that by pleading guilty he was giving up his rights to a bench trial or a jury trial, to confront witnesses against him or call his own witnesses, and present his own defense, and the right to a presentence investigation report. After these admonitions, the trial court asked defendant if he still wished to plead guilty, and defendant responded that he did. Defendant also signed waivers for a jury trial and for a presentence investigation. The trial court also asked defendant if anyone threatened him or promised him anything in exchange for a plea of guilty; defendant answered no.

¶ 8 The parties stipulated that a sufficient factual basis existed for the plea of guilty based on the information the trial court received in the Rule 402 conference. The State then called defendant to testify. The State asked defendant if at approximately 1 p.m. on September 24, 2012, he was riding in a vehicle as part of a funeral procession, defendant responded in the affirmative and stated that he was sitting in the front passenger seat. He stated that the person driving was his "friend's uncle–cousin, something like that." Defendant was asked if the driver gave him a gun, and defendant responded, "He didn't pass me a gun. I had the gun in my own possession and I told him to drive, told him to drive off when the officer had tried to pull us over." The prosecutor asked three more times if the driver gave defendant the gun, and defendant repeatedly denied that he was given the gun. Immediately thereafter, the court found defendant understood the nature of the charges against him, the possible penalties, and that he knowingly and voluntarily waived those rights. The trial court found there was a sufficient basis for defendant's guilty plea. The court then said there will be a finding of guilty and entered judgment on the finding of guilty.

¶ 9 The court then asked the State's position on sentencing. The State answered that it did not feel that defendant testified truthfully as part of the plea agreement. The State requested "a sentence not offered by the Court and not Cook County boot camp, but a sentence to the Illinois Department of Corrections." Defense counsel responded that during the Rule 402 conference, the State indicated that defendant had made a statement after his arrest indicating that his codefendant Garcia had thrown the gun in his lap and defendant took the gun and ran. Defense counsel maintained that defendant substantially complied with the requirement to swear to the facts because he admitted he was in the car with Garcia and that defendant had possession of a weapon.

¶ 10 The trial court then stated:

"The Court's offer to [defendant] was that if he testified consistent with the information here provided to the Court at the 402 conference, the offer would be Cook County boot camp. If [defendant] chooses not to testify consistent with the information given to the Court at the 402 conference, the Court's offer would be seven years in the Illinois Department of Corrections.

I find based on what I have heard right now that [defendant] did not testify consistent with the information brought out at the 402 conference because [defendant] did not testify that Mr. Garcia handed him the gun. And as I indicated to you, [defense

counsel,] Mr. Holloway had the option and apparently he [chose] the option not to testify according to the proffer given to the Court at the 402 conference."

¶ 11 The court then asked defendant if he had anything he wished to say before being sentenced. Defendant said, "No. I had the gun. I had the gun. He never knew about the weapon." Defendant also denied telling the police officers that Garcia passed him the weapon. The trial court then sentenced defendant to a term of 7 years in the Illinois Department of Corrections, fines and fees totaling $450, and 78 days' credit for time served.

¶ 12 On December 17, 2012, defense counsel filed a motion to withdraw defendant's guilty plea. At the February 13, 2013 hearing, defense counsel told the trial court that defendant called and left him a voicemail the day after the guilty plea hearing, stating that defendant wanted to go back to court and swear to the facts as alleged by the State. Defense counsel further stated that defendant "was under some duress from the co-defendant" at the time and he felt he was being threatened and could not agree with what the State was asking. However, defense counsel had not filed his Supreme Court Rule 604(d) (Ill. S. Ct. R. 604(d) (eff. Feb. 6, 2013)) certificate yet because he had not had the opportunity to talk with defendant prior to the hearing. The case was then continued to a later date.

¶ 13 On March 15, 2013, defense counsel filed his Rule 604(d) certificate and an affidavit from defendant. In his affidavit, defendant stated that on December 11, 2012, prior to his hearing, he was placed near Garcia when they were brought to court from jail. When Garcia came closer to defendant, he said "with aggression to the defendant, 'Don't cop out.' " Defendant said that he "felt threatened with harm by Garcia's remark," and that was why he wanted a continuance rather than a Rule 402 conference. Defense counsel detailed defendant's assertions to the trial court and requested the opportunity for defendant to "swear to the facts as the State would allege" in exchange for a new sentence to Cook County boot camp. The State responded that defendant had "buyer's remorse" and that there was no basis to withdraw defendant's plea after defendant testified under oath that he had the gun the whole time. Defendant apologized for "making a mockery" of the trial court and stated that he did not cooperate in answering the State's questions because he felt threatened.

¶ 14 The trial court denied the defendant's motion to withdraw his guilty plea.

"I find that the affidavit lays out chronologically the events as they occurred. That Mr. Garcia was only present in court with [defendant] initially before there was a 402 conference. The statement–and apparently the statement was made outside of the presence of the Court, don't cop out, on the face of it appears to [be] advice not to plead guilty because cop out means plead guilty, I guess in the parlance.

There hadn't been a 402 conference. There hadn't been the options put to [defendant] at the time Mr. Garcia said that. Mr. Garcia and [defendant], for that matter, did not know the results of the 402 conference. I did accept [defendant's] guilty plea. I found it was free and voluntary and I think that finding still holds. You had an opportunity to make your choice and you made a choice.

Now the reasons why you made the choice is the reasons [*sic*] why you made the choice; but based on what you said here, I don't believe that changes the free and voluntary nature of the choice you made. As a result, the motion to withdraw the guilty plea is denied."

¶ 15 This appeal followed.

¶ 16    Since we find it dispositive of this appeal, we first consider whether the trial court erred by not stating the terms of the plea agreement on the record in open court. Defendant argues that the terms of the negotiated plea agreement were never stated in open court and no evidence exists on the record that defendant was fully informed of all the requirements of his plea agreement. Defendant asks this court to reverse the denial of his motion to withdraw his guilty plea and remand for further proceedings. The State responds that defendant has forfeited this issue by not raising it in his motion to withdraw his guilty plea, but in the alternative, any error was harmless.

¶ 17    Defendant admits that he failed to raise this issue in his motion in the trial court but asks this court to review the issue under the plain error doctrine.

¶ 18    "Generally, under Illinois Supreme Court Rule 604(d), any issue not raised by the defendant in his motion to withdraw the plea of guilty shall be deemed waived upon appeal." *People v. Davis*, 145 Ill. 2d 240, 250 (1991). "However, if a lower court fails to give the defendant the admonishments required by Rule 402 it is possible that this action can amount to plain error, an exception to the waiver rule, as outlined under Illinois Supreme Court Rule 615 [citation]." *Id.*

¶ 19    Supreme Court Rule 615(a) states that "[a]ny error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded. Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the trial court." Ill. S. Ct. R. 615(a). The plain error rule "allows a reviewing court to consider unpreserved error when (1) a clear or obvious error occurred and the evidence is so closely balanced that the error alone threatened to tip the scales of justice against the defendant, regardless of the seriousness of the error, or (2) a clear or obvious error occurred and that error is so serious that it affected the fairness of the defendant's trial and challenged the integrity of the judicial process, regardless of the closeness of the evidence." *People v. Piatkowski*, 225 Ill. 2d 551, 565 (2007) (citing *People v. Herron*, 215 Ill. 2d 167, 186-87 (2005)). However, the plain error rule "is not 'a general saving clause preserving for review all errors affecting substantial rights whether or not they have been brought to the attention of the trial court.' " *Herron*, 215 Ill. 2d at 177 (quoting *People v. Precup*, 73 Ill. 2d 7, 16 (1978)). Rather, the supreme court has held that the plain error rule is a narrow and limited exception to the general rules of forfeiture. *Herron*, 215 Ill. 2d at 177. "The first step of plain-error review is to determine whether any error occurred." *People v. Lewis*, 234 Ill. 2d 32, 43 (2009).

¶ 20    Further, the supreme court has held that the application of the forfeiture rule is "less rigid where the basis for the objection is the trial judge's conduct." *People v. Kliner*, 185 Ill. 2d 81, 161 (1998); see also *People v. Sprinkle*, 27 Ill. 2d 398, 401 (1963) ("a less rigid application of the rule requiring timely and proper objection and preservation of rulings thereon should prevail where the basis for the objection is the conduct of the trial judge than is otherwise required").

¶ 21    Supreme Court Rule 402(b) provides:
> "The court shall not accept a plea of guilty without first determining that the plea is voluntary. If the tendered plea is the result of a plea agreement, the agreement shall be stated in open court. The court, by questioning the defendant personally in open court, shall confirm the terms of the plea agreement, or that there is no agreement, and shall determine whether any force or threats or any promises, apart from a plea agreement, were used to obtain the plea." Ill. S. Ct. R. 402(b) (eff. July 1, 2012).

¶ 22   A trial court's decision on a defendant's motion to withdraw his guilty plea is a matter within its discretion and will not be disturbed on appeal absent an abuse of that discretion. *People v. Manning*, 227 Ill. 2d 403, 412 (2008). "A defendant does not have an absolute right to withdraw his guilty plea, but he should be allowed to withdraw his plea if doing so would correct a manifest injustice under the facts involved." *People v. Sharifpour*, 402 Ill. App. 3d 100, 111 (2010); see also *Davis*, 145 Ill. 2d at 250 ("Whether reversal is required depends on whether real justice has been denied or whether defendant has been prejudiced by the inadequate admonishment."). "Substantial, not literal, compliance with Rule 402 is all that is required." *Sharifpour*, 402 Ill. App. 3d at 114.

¶ 23   After reading the entire record, we have gleaned that the terms of the plea agreement pursuant to the Rule 402 conference were that if defendant swore to facts alleged by the State consistent with his postarrest comments, then he would receive Cook County boot camp. If defendant did not respond under oath consistent with his prior statements, then he would receive a sentence of seven years in prison. However, it is significant to note that these terms were never explained to defendant by the trial judge before the court accepted defendant's guilty plea.

¶ 24   Further, it is clear that contrary to the specific requirements of Supreme Court Rule 402, all of the terms of the plea agreement were not stated in open court, nor did the trial court confirm the terms of the plea agreement by questioning defendant. Instead, defense counsel indicated that he informed defendant of the terms of the plea agreement and defendant accepted the trial court's offer of boot camp with a condition that defendant swear under oath to facts given to him by the State. The record also shows that defendant was never advised by the court that he would be subject to a seven-year prison term if he did not swear to the facts alleged by the State. The record also fails to show that prior to entering the plea, defendant was aware of the facts to which he was required to swear. Only after the trial court accepted the plea and entered a finding of guilty were the full terms explained to defendant by the trial judge and that his failure to comply would result in the imposition of a more severe sentence. Even defense counsel's description of the agreement does not comport with the terms disclosed after the plea. Despite defense counsel's argument that defendant substantially complied with the terms of the plea agreement, the trial court found that defendant did not comply and imposed a seven-year sentence. Therefore, we conclude that prior to accepting the plea of guilty and finding of guilty, it became incumbent upon the trial judge to explain to defendant that his testimony was contrary to what was described in the Rule 402 conference. And that, as a result, if defendant persisted in his plea of guilty, then he would be subject to seven years in the Illinois Department of Corrections instead of the promised Cook County boot camp program.

¶ 25   The committee comments to Rule 402 explain the reasoning behind the requirement to explain the terms of a plea agreement in open court.

"[T]he Supreme Court of the United States has *** held that it is a violation of due process to accept a guilty plea in State criminal proceedings without an affirmative showing, placed on the record, that the defendant voluntarily and understandingly entered his plea of guilty. (*Boykin v. Alabama*, 395 U.S. 238 [(1969)].) *** [I]ncreased attention has *** been given to the long-standing practice of pleading guilty as a consequence of a prior agreement between the prosecution and defense concerning the disposition of the case; it is generally conceded that 'plea discussions' and 'plea agreements' are often appropriate, but that such procedures should not be concealed

behind an in-court ceremony at which the defendant sometimes seems to think that he is expected to state falsely that no promises were made to him. (See American Bar Association Project on Minimum Standards for Criminal Justice, Standards Relating to Pleas of Guilty (Approved Draft 1968); Enker, *Perspectives on Plea Bargaining*, in The President's Commission on Law Enforcement and Administration of Justice, Task Force Report (1967): The Courts.) Two major objectives of \*\*\* Rule 402 are: (1) to insure compliance with the *Boykin* requirements; and (2) to give visibility to the plea-agreement process and thus provide the reviewing court with a record containing an accurate and complete account of all relevant circumstances surrounding the guilty plea." Ill. S. Ct. R. 402, Committee Comments (adopted May 20, 1997).

¶ 26   In regard to subparagraph (b), the committee comments specifically addressed the requirement to state the plea agreement in open court because "[i]t is important to give visibility to the plea-agreement process in this way, as otherwise the defendant may feel required to state falsely that no promises were made and the plea may later be subject to collateral attack." Ill. S. Ct. R. 402, Committee Comments (adopted May 20, 1997).

¶ 27   The supreme court in *People v. Dudley*, 58 Ill. 2d 57, 60 (1974), discussed the Rule 402(b) requirement to state the plea agreement in open court.

"[T]he requirement prevents misunderstandings as to the terms of an agreement. It is an efficient means of reducing what is typically an oral understanding to a matter of record. It also insures that the agreement will be visible for examination. This tends to insure that such plea agreements as may be entered into will be equitable and fair, considering both the interest of the defendant and the public interest in effective law enforcement. Announcing the agreement in open court will deter or at least expose any prosecutive timidity, overreaching or other impropriety, as well as deter future unfounded claims by a defendant that an agreement entered into was not honored." *Id.*

¶ 28   Further, as the supreme court in *Davis* observed:

" 'Where it appears that the plea of guilty was entered on a misapprehension of the facts or of the law, or in consequence of misrepresentations by counsel or the State's Attorney or someone else in authority, or the case is one where there is doubt of the guilt of the accused, or where the accused has a defense worthy of consideration by a jury, or where the ends of justice will be better served by submitting the case to a jury, the court should permit the withdrawal of the plea of guilty and allow the accused to plead not guilty.' " *Davis*, 145 Ill. 2d at 244 (quoting *People v. Morreale*, 412 Ill. 528, 531-32 (1952)).

¶ 29   In this case, the record lacks a complete description of the terms of the plea agreement before defendant entered a guilty plea and the trial court entered a finding of guilty. The trial court's failure to comply with Rule 402(b) demonstrates a clear misapprehension of the facts and the terms of the plea agreement. From this record it is impossible to discern whether defendant fully understood the consequences of his guilty plea, which is of particular concern given the disparity in the sentence contingent on defendant's testimony. As already pointed out above, the trial court should have set forth the details in open court to ensure that defendant knew he would be subject to a seven-year term in prison if he did not swear to specific facts alleged by the State. We also point out that after the guilty plea was accepted, the prosecutor requested "a sentence not offered by the Court and not Cook County boot camp, but a sentence to the Illinois Department of Corrections," which suggests that the seven-year sentence was

- 7 -

not part of the plea agreement. We conclude defendant has been prejudiced as a result of the trial court's failure to comply with the rule. Thus, in this case, the failure to comply with Rule 402(b) amounts to plain error because the record does not establish that defendant entered his guilty plea with a complete understanding and knowledge of the ramifications of his guilty plea and the sentence to be imposed. We find that the proper recourse in the interest of justice is to grant defendant's motion and allow him to withdraw his guilty plea. Accordingly, we reverse the trial court's denial of the motion to withdraw the guilty plea, vacate defendant's conviction and sentence, and remand to the trial court. The parties can proceed anew in the trial court.

¶ 30 Since we have vacated defendant's guilty plea and remanded for further proceedings, we need not reach the remaining issues raised on appeal. We point out that the record on appeal regarding defendant's challenge to his prior conviction under *People v. Aguilar*, 2013 IL 112116, only sets forth the indictment and the mittimus. No other information about this prior case is provided. We also note that the indictment includes at least one charge that remains viable after *Aguilar*, possession of a firearm without a valid firearm owner's identification card.

¶ 31 In a petition for rehearing, defendant asks that we take judicial notice of the fact that he was only convicted of a charge under section 24-1.6(a)(1), (a)(3)(A) (720 ILCS 5/24-1.6(a)(1), (a)(3)(A) (West 2010)), the subsection at issue in *Aguilar*, and that the remaining counts were nol-prossed. Taking judicial notice of those facts, we find that the question of whether any of the nol-prossed counts can support the underlying conviction in this case is a question to be resolved in the trial court.

¶ 32 Based on the foregoing reasons, we reverse the decision of the circuit court of Cook County, vacate defendant's conviction and sentence, and remand for further proceedings consistent with this decision.

¶ 33 Reversed and remanded.