NOTICE

Decision filed 01/13/23. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2023 IL App (5th) 200308-U

NO. 5-20-0308

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Jefferson County. |
| | ) | |
| v. | ) | No. 19-CF-493 |
| | ) | |
| ADREANNA N. JOHNSON, | ) | Honorable |
| | ) | Jerry E. Crisel, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE VAUGHAN delivered the judgment of the court.
Justices Welch and Barberis concurred in the judgment.

**ORDER**

¶ 1     *Held*:    Where there is no potentially meritorious argument regarding the circuit court's denial of defendant's motion to withdraw her plea, we grant defendant's appointed counsel on appeal leave to withdraw and affirm the circuit court's judgment.

¶ 2     Defendant, Adreanna N. Johnson, appeals the circuit's denial of her motion to withdraw her guilty plea. Defendant's appointed attorney, the Office of the State Appellate Defender (OSAD), concluded the appeal lacks merit, filed a motion for leave to withdraw as counsel (see *Anders v. California*, 386 U.S. 738 (1967)) and a memorandum in support thereof, and provided defendant with a copy of both. This court provided defendant with an opportunity to file a response; however, none was filed. Having reviewed OSAD's *Anders* motion and memorandum, and the entire record on appeal, this court concludes the appeal lacks merit. As such, we grant OSAD leave to withdraw and affirm the circuit court's judgment.

1

¶ 3                                   BACKGROUND

¶ 4      On September 4, 2019, defendant, Adreanna N. Johnson, was charged by information with aggravated battery in violation of section 12-3.05(c) of the Criminal Code of 2012 (Code) (720 ILCS 5/12-3.05(c) (West 2018)), mob action in violation of section 25-1(a)(1) of the Code (*id.* § 25-1(a)(1)), and resisting a peace officer in violation of section 31-1(a-7) of the Code (*id.* § 31-1(a-7)). On September 20, 2019, defendant was indicted by a grand jury on all three charges. On September 25, 2019, defendant waived formal arraignment and pled not guilty to the indictment. An agreed order reducing her bail, with the added condition that defendant have no contact with the victim, was filed.

¶ 5      On September 26, 2019, the State presented a negotiated plea. The State recited the terms of the agreement, stating defendant would plead guilty to the aggravated battery (*id.* § 12-3.05(c)) charge and the remaining two counts would be dismissed. Defendant would also be sentenced to time served and placed on 24 months of conditional discharge. After the State read the proposed negotiated plea, defendant and her counsel agreed the State accurately stated the terms of the plea agreement. Defendant further confirmed she had an opportunity to review the plea agreement with her attorney and was able to read and write.

¶ 6      The circuit court admonished defendant that she was presumed innocent of the charges against her and had the right to be proven guilty beyond a reasonable doubt and the right to a trial. The court explained that defendant could be tried by a jury comprised of 12 members of the community, or a bench trial before a judge. In either situation, either the jury or the judge would listen to both sides' witnesses to determine whether the State proved its case beyond a reasonable doubt. The court advised defendant she had the right to remain silent, to present witnesses, and to

2

cross-examine the State's witnesses, but by entering a guilty plea, she was giving up those rights, and was basically "convicting" herself. Defendant stated she understood.

¶ 7 The court next asked whether defendant wanted the court to accept the plea and defendant said, "Yes." The defendant acknowledged her signature on the plea agreement, admitted she signed the document, and denied being threatened or coerced in any way. She denied any promise, other than those contained in the terms of the plea agreement, induced her to plead guilty. The court asked defendant if she was pleading guilty because she was guilty, and defendant answered, "Yes."

¶ 8 The court found the plea was voluntarily and knowingly made and entered into freely by defendant and asked for a factual basis. The State advised that, on September 2, 2019, a witness observed defendant batter Natikah Nabors on a public way in Mount Vernon, Illinois. Plea counsel stated he discussed the matter with defendant and believed the State could "substantially prove" the factual basis at trial. The circuit court found the factual basis sufficient to support the guilty plea and, upon agreement of the parties, waived the presentence investigation.

¶ 9 The court confirmed the plea was for aggravated battery. It then advised defendant that the charge's incarceration range was from two to five years in the Illinois Department of Corrections (IDOC), but the sentence could include only a judgment of conviction, an order of conditional discharge, or an order of probation. The court advised defendant that if she was eligible for extended term, it would be up to 10 years in IDOC, but "standard terms for this Class 3 felony would be two to five years followed by a one-year period of mandatory supervised release and also *** up to $25,000 fine." When queried by the court as to whether she understood the possible penalties for the offense, defendant said, "Yes." The court then explained conditional discharge and asked defendant if she understood the sentence. Defendant said, "Yes." After ensuring defendant was aware of her rights and the facts related to her sentence, the court asked if defendant

3

still wished to plead guilty and have the court approve the agreement. Defendant replied, "Yes." The court approved the plea agreement and informed defendant of her appeal rights.

¶ 10    The court directed the parties to return on January 27, 2020. When asked if she had any questions, defendant asked, "So[,] when I come back on the court date on January 27, 2020, can [I] have my witness come in here?" The court called the attorneys to the bench and defendant's counsel asked to speak with his client off the record. The parties returned and the court asked if defendant still wanted to go forward with the case. Defendant replied, "Yes." The court again confirmed that defendant wished to plead guilty, and defendant replied, "Yes."

¶ 11    The record on appeal contains a printed form titled "Plea of Guilty," dated September 26, 2019, signed by defendant. The record also contains a judgment of conditional discharge, dated September 26, 2019, signed by defendant, which states defendant was "found guilty" of the Class 3 felony of aggravated battery.

¶ 12    On October 12, 2019, correspondence dated October 8, 2019, from defendant directed to the court was filed with the court. The correspondence stated defendant had never been in trouble before, took a plea deal she "was unsure about," and had no knowledge it was for an aggravated battery felony charge. She stated she was unaware of the severity of the charges and that it would damage her entire career, life, and background, when she did nothing. The correspondence contended defendant thought she was taking a plea for a high misdemeanor charge and requested she be allowed to withdraw her plea and fight her case. The correspondence also requested a meeting with the state's attorney and the court to see if an agreement could be made for a lesser charge since she was only 19 years old, and this would ruin her future.

¶ 13    The record also contained correspondence dated October 11, 2019, that contained no file-marked date, from defendant to the court stating she was scared and confused on the day of the

plea hearing. She stated that she only took the plea deal so she could get out and knew she could not come up with the bond money. She further asserted that she did not realize the plea would follow her for the rest of her life, ruin her future career, and that she was innocent of the charges of which her counsel was aware. She stated her counsel was unhelpful in resolving this issue, asked to withdraw her plea, and requested different counsel as well.

¶ 14     On October 18, 2019, defense counsel filed a motion to withdraw guilty plea asserting that defendant's plea was "not entered knowingly, intelligently, and voluntarily." Defense counsel also moved to withdraw citing a conflict. On February 26, 2020, defendant's trial counsel, Scott Quinn, was allowed to withdraw and new counsel, Jaye Lindsay, was appointed. Thereafter, Mr. Lindsay moved to withdraw due to a conflict and on March 11, 2020, Jason Barnhart was appointed to represent defendant.

¶ 15     On September 24, 2020, Mr. Barnhart filed a certificate pursuant to Illinois Supreme Court Rule 604(d) (eff. July 1, 2017), stating that (1) he consulted with the defendant in person to ascertain her contentions of error, (2) he examined the court file and the reports of proceedings from the plea and sentencing hearings, (3) no amendments to the defendant's *pro se* document were necessary, and (4) the defendant could present testimony to support her contentions of error.

¶ 16     On September 24, 2020, the circuit court held a hearing on the motion to withdraw the guilty plea. Defendant testified that when she pled guilty, she was 19 years old, had been in jail for three weeks, and made the plea "to get out." She wanted to withdraw the plea because she did not know she "was pleading out to a felony." She "thought it was a misdemeanor" and did not care if the misdemeanor was on her record. She stated her plea counsel told her "he had the fight on video." She said she was going to plead out on her first court date, but she did not because her counsel said to wait. Defendant believed she had a defense but did not present that evidence to her

counsel, stating he "already had the video," but it was not the "right video." Defendant testified that her release from jail once she entered the plea did not impact her decision to make the plea.

¶ 17    On cross-examination, defendant disputed her prior correspondence advising the court that her "only focus" was release from jail or telling the circuit court at the plea hearing that she was pleading guilty because she was guilty. She stated she did recall the judge going through the range of penalties, specifically referencing a Class 3 felony, and thereafter stating she still wanted to enter the plea. She recalled the remainder of the questioning by the circuit court and her statements that she wanted to resolve her case with the plea. Thereafter, defendant's postplea counsel rested.

¶ 18    The State called defendant's plea counsel, Scott Quinn, who testified that he first met with defendant 2½ to 3 weeks after her arrest. At that point, the State had tendered the police reports and made an offer of "felony" conditional discharge or probation. He told defendant that the offer would result in immediate release but recommended that she "hold off" so that he could speak to the State to negotiate it "down to a misdemeanor." When he reviewed the plea offer with defendant, he told her it was not a "good deal," and that if she gave him time, he could negotiate. However, the defendant accepted the plea over his recommendation. He believed defendant wanted to leave jail and that was her motivation for taking the plea. He tried to dissuade her from immediately pleading guilty, because he believed he could negotiate a misdemeanor plea in a few days.

¶ 19    Following closing argument, the circuit court denied defendant's motion, noting the plea hearing transcript confirmed the court "went over everything in detail," including that the charge was a Class 3 felony, and defendant indicated "at every turn" she wanted to enter a guilty plea. Defendant appealed.

¶ 20                                    ANALYSIS

¶ 21    In its motion to withdraw, OSAD identifies two potential issues which could be raised on appeal and concludes neither has arguable merit. First, OSAD considered whether the circuit court abused its discretion by denying defendant leave to withdraw her guilty plea. Second, OSAD considered whether postplea counsel's filed certificate complied with the requirements of Illinois Supreme Court Rule 604(d) (eff. July 1, 2017).

¶ 22    Due process requires that a guilty plea be affirmatively shown as voluntary and intelligent before it can be accepted. *People v. Kidd*, 129 Ill. 2d 432, 443 (1989) (citing *Boykin v. Alabama*, 395 U.S. 238 (1969)). Illinois Supreme Court Rule 402(a) was adopted to ensure this standard was met (*id.*) and requires that, prior to accepting a guilty plea, the circuit court admonish the defendant in open court and determine defendant understands: (1) the nature of the charge; (2) the minimum and maximum sentence prescribed by law, including, when applicable, any penalty due to prior convictions or consecutive sentences; (3) that defendant has the right to plead not guilty; and (4) that if the defendant pleads guilty there will not be a trial of any kind, so that by pleading guilty the defendant waives the right to a trial by jury and the right to confront witnesses against her. Ill. S. Ct. R. 402(a) (eff. July 1, 2012). "Substantial compliance with Rule 402 is sufficient to establish due process." *People v. Fuller*, 205 Ill. 2d 308, 323 (2002).

¶ 23    Once the requirements of Rule 402 are met, and the plea is accepted, the defendant does not have the "automatic right" to withdraw the guilty plea. *People v. Delvillar*, 235 Ill. 2d 507, 520 (2009). Leave to withdraw a guilty plea is granted if "a manifest injustice under the facts involved" is shown. (Internal quotation marks omitted.) *People v. Jamison*, 197 Ill. 2d 135, 163 (2001). A defendant is allowed to withdraw a guilty plea and plead not guilty if

7

" 'it appears that the plea *** was entered on a misapprehension of the facts or of the law, or in consequence of misrepresentations by counsel or the State's Attorney or someone else in authority, or the case is one where there is doubt of the guilt of the accused, or where the accused has a defense worthy of consideration by a jury, or where the ends of justice will be better served by submitting the case to a jury *** .' " *People v. Davis*, 145 Ill. 2d 240, 244 (1991) (quoting *People v. Morreale*, 412 Ill. 528, 531-32 (1952)).

¶ 24    "[T]he decision to grant or deny a motion to withdraw a guilty plea rests in the sound discretion of the circuit court" and, on appeal, that decision "is reviewed for abuse of discretion." *People v. Hughes*, 2012 IL 112817, ¶ 32. "An abuse of discretion will be found only where the court's ruling is arbitrary, fanciful, unreasonable, or no reasonable person would take the view adopted by the trial court." *Delvillar*, 235 Ill. 2d at 519.

¶ 25    Defendant's motion to withdraw the guilty plea alleged that her plea was not knowing and voluntary, because she believed she was pleading guilty to a misdemeanor, not a felony. However, the record reveals that the circuit court explained at the plea hearing that aggravated battery was a Class 3 felony punishable with two to five years in prison, probation, or conditional discharge, and asked whether the defendant understood, and she answered yes. Defendant also signed the judgment of conditional discharge, which stated she was found guilty of a Class 3 felony. Where the record refutes assertions that a plea was not knowing and voluntary, the court may deny a motion to withdraw the plea, as the "proper and meticulous admonition" of a defendant "cannot simply be ignored." *People v. Artale*, 244 Ill. App. 3d 469, 475 (1993). Additionally, plea counsel testified that he recommended defendant not accept the plea offer because he believed, with additional time, he could negotiate an offer for a misdemeanor, but defendant wanted to be released from jail and accepted the State's offer over his recommendation.

8

¶ 26    The circuit court substantially complied with the requirements of Rule 402, and we agree with OSAD that no meritorious argument could be raised regarding the admonishments. As defendant cannot meet her burden "to establish that the circumstances existing at the time of the plea, judged by objective standards, justified the mistaken impression" about the class of the offense to which she pled guilty (*Davis*, 145 Ill. 2d at 244), we also agree that no meritorious argument may be made that the circuit court abused its discretion when denying the defendant leave to withdraw her guilty plea.

¶ 27    OSAD also considered whether the certificate filed by postplea counsel complied with the requirements of Illinois Supreme Court Rule 604(d). Rule 604(d) provides that the defendant's attorney "shall file" a certificate stating that the attorney

> "consulted with the defendant either by phone, mail, electronic means or in person to ascertain defendant's contentions of error in the sentence and the entry of the plea of guilty, has examined the trial court file and both the report of proceedings of the plea of guilty and the report of proceedings in the sentencing hearing, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." Ill. S. Ct. R. 604(d) (eff. July 1, 2017).

¶ 28    The certificate ensures that counsel reviewed defendant's claims and considered all relevant bases for the motion to withdraw the guilty plea or reconsider the sentence. *People v. Shirley*, 181 Ill. 2d 359, 361 (1998). Strict compliance with Rule 604(d) is mandatory. *People v. Gorss*, 2022 IL 126464, ¶ 19. The remedy for noncompliance is a remand to the circuit court to ensure compliance. *Id*.

¶ 29    In the case at bar, postplea counsel filed a certificate stating he consulted with defendant in person to ascertain her contentions of error, examined the court file and the reports of

9

proceedings from the plea and sentencing hearings, that no amendments to the defendant's *pro se* documents were necessary, and defendant could present testimony to support her contentions of error. This certificate, which closely tracks the language of Rule 604(d), demonstrates strict compliance with the rule. *People v. Shirley*, 284 Ill. App. 3d 734, 738 (1996). Accordingly, we agree with OSAD that, because postplea counsel complied with the requirements of Rule 604(d), no meritorious argument could be raised on appeal regarding the certificate filed in this case.

¶ 30                                    CONCLUSION

¶ 31    The circuit court did not abuse its discretion in denying the defendant's motion to withdraw the guilty plea and the certificate filed by postplea counsel strictly complied with Rule 604(d). Any argument to the contrary, on either point, lacks merit. Therefore, OSAD's motion for leave to withdraw as defendant's appointed appellate counsel is granted, and the judgment of the circuit court of Jefferson County is affirmed.


¶ 32    Motion granted; judgment affirmed.