NOTICE
Decision filed 08/04/23. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2023 IL App (5th) 220359-U

NO. 5-22-0359

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Jefferson County. |
| | ) | |
| v. | ) | No. 18-CF-292 |
| | ) | |
| ANTHONY T. GARRETT, | ) | Honorable |
| | ) | Jerry E. Crisel, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE WELCH delivered the judgment of the court.
Presiding Justice Boie and Justice Vaughan concurred in the judgment.

**ORDER**

¶ 1    *Held*:    Where the evidence contradicted defendant's claim that he did not understand what "consecutive" sentences meant, the circuit court properly denied his motion to withdraw his plea. As any argument to the contrary would lack merit, we grant defendant's appointed counsel on appeal leave to withdraw and affirm the circuit court's judgment.

¶ 2    Defendant, Anthony T. Garrett, appeals the circuit court's order denying his motion to withdraw his guilty plea. His appointed appellate counsel, the Office of the State Appellate Defender (OSAD), has concluded that there is no reasonably meritorious argument that the circuit court erred in doing so. Accordingly, it has filed a motion to withdraw as counsel along with a supporting memorandum. See *Anders v. California*, 386 U.S. 738 (1967). OSAD has notified defendant of its motion, and this court has provided him with ample opportunity to respond. However, he has not done so. After considering the record on appeal and OSAD's memorandum

1

and supporting brief, we agree that this appeal presents no reasonably meritorious issues. Thus, we grant OSAD leave to withdraw and affirm the circuit court's judgment.

¶ 3                                    BACKGROUND

¶ 4      In case No. 18-CF-292, which is the subject of this appeal, the State charged defendant with unlawful possession of a weapon by a felon, aggravated assault, and resisting a peace officer. On July 22, 2019, defendant agreed to plead guilty to the weapons charge. In return, the State agreed to recommend a sentence of no longer than 10 years and dismiss the remaining counts. The court admonished defendant pursuant to Illinois Supreme Court Rule 402 (eff. July 1, 2012) and after appropriate questioning found that the plea was voluntary.

¶ 5      Later that same day, defendant pleaded guilty in case No. 19-CF-165. During that hearing, the parties agreed that the sentence in that case would have to be consecutive to that in case No. 18-CF-292. Defendant twice said that he understood this.

¶ 6      On November 26, 2019, the court conducted a sentencing hearing covering both cases. By that time, the parties had further agreed to sentences of five years in this case and six years in No. 19-CF-165. The parties agreed that the sentences had to be served consecutively.

¶ 7      On May 11, 2020, defendant filed a motion to withdraw his guilty pleas in both cases, arguing that he was physically and mentally incompetent, that he was "coerced," and that he had been promised a 10-year sentence but received 11 years. The circuit court struck the motion as untimely. Shortly thereafter, defendant filed an "affidavit." It consisted mostly of correspondence with John Cesario, a senior counsel at the Attorney Registration and Disciplinary Commission (ARDC). It also included a letter from defendant's trial counsel, responding to the complaint, in which counsel said that he explained the differences between consecutive and concurrent sentences at least 10 times before defendant pled guilty, even writing on a whiteboard to illustrate how the

sentences would be added together. He opined that defendant understood that the sentences would run consecutively before he agreed to plead guilty.

¶ 8    Defendant filed a direct appeal, arguing that the circuit court did not admonish him that a motion to withdraw the plea had to be filed within 30 days. See Ill. S. Ct. R. 605(c) (eff. Oct. 1, 2001). Relying on *People ex rel. Alvarez v. Skryd*, 241 Ill. 2d 34, 40 (2011), we held that, despite the defective admonitions, the failure to file a timely motion to withdraw the plea deprived the circuit court of jurisdiction and, accordingly, affirmed the order striking the motion. *People v. Garrett*, No. 5-20-0172 (2020) (unpublished summary order under Illinois Supreme Court 23(c)). The supreme court, in the exercise of its supervisory authority, ordered us to vacate our prior judgment and remand the cause to the circuit court with directions to consider defendant's motion on the merits. *People v. Garrett*, No. 126863 (Ill. Mar. 24, 2021) (supervisory order).

¶ 9    On remand, the court conducted a hearing on defendant's motion to withdraw his guilty plea. Defendant testified that he thought the sentences in this case and No. 19-CF-165 were to run concurrently. When asked to explain what the word "consecutive" meant, he said that he still did not understand what it meant, then said that he thought that it meant that the sentences "would be ran at one time," but then further stated that he thought it meant that "[y]ou do one sentence and then you do—the other one follows the sentence that you do." He said that his original trial counsel tried to explain it to him and told him that the sentences "would be added together." He could not recall why he did not raise his concerns at the sentencing hearing but reiterated that he thought that "consecutive means concurrent."

¶ 10    The court denied the motion. The court noted that it had reviewed the transcript in 19-CF-165 and, based on that transcript, found that defendant's contention that he did not understand the meaning of "consecutive" was without merit. The court noted that defendant had presented no

3

evidence to support his claims that he lacked physical or mental capacity or that he was coerced to enter the plea. Defendant timely appealed.

¶ 11                                    ANALYSIS

¶ 12     OSAD concludes that there is no reasonably meritorious contention that the circuit court erred in denying defendant's motion to withdraw his guilty plea.

¶ 13     A defendant has no absolute right to withdraw a guilty plea. *People v. Hughes*, 2012 IL 112817, ¶ 32. Rather, he must show a manifest injustice under the facts involved. *Id.* Withdrawal is appropriate where the plea was entered through a misapprehension of the facts or of the law or where there is doubt as to the guilt of the accused and justice would be better served through a trial. *Id.* In the absence of substantial objective proof showing that they were reasonably justified, a defendant's subjective impressions alone are not sufficient grounds on which to vacate a guilty plea. *People v. Davis*, 145 Ill. 2d 240, 244 (1991). Further, the burden is on the defendant to establish that the circumstances existing at the time of the plea, judged by objective standards, justified the mistaken impression. *Id.* "Generally, the decision to grant or deny a motion to withdraw a guilty plea rests in the sound discretion of the circuit court and, as such, is reviewed for abuse of discretion." *Hughes*, 2012 IL 112817, ¶ 32. An abuse of discretion will not be found unless the circuit court's ruling is arbitrary, fanciful, unreasonable, or where no reasonable person would take the view adopted by the circuit court. *People v. Baez*, 241 Ill. 2d 44, 106 (2011).

¶ 14     OSAD first contends that the issue of whether defendant understood the meaning of "consecutive sentences" is not properly before the court because no consecutive sentence was imposed in this case. We agree. This case and 19-CF-165, the case in which a consecutive sentence was imposed, were disposed of separately, with this case going first. Thus, when defendant entered his plea in this case, there was no other conviction to which the sentence could

be consecutive. Defendant agreed to a five-year sentence in this case and that is what he got. On that basis alone, the circuit court properly denied the motion.

¶ 15 We also agree with OSAD that even if the issue was properly before us, the circuit court did not err in denying defendant's motion to withdraw his plea because the evidence amply supported the court's conclusion that defendant understood the meaning of "consecutive sentences."

¶ 16 At the plea hearing in No. 19-CF-165, defendant twice acknowledged that the sentence imposed in that case would be consecutive to the sentence in the present case, and he never indicated any confusion about what "consecutive" meant. Defendant argued in his motion to withdraw his guilty plea that he had been promised a 10-year sentence but received a sentence of 11 years. Defendant received a five-year sentence in this case and six-year sentence in No. 19-CF-165. Defendant's contention that he was promised a 10-year sentence reveals that he was aware that the sentences in the two cases were to be served one after the other and that he therefore understood the meaning of consecutive. Documents attached to the "affidavit" that defendant attempted to file as an amendment to his motion to withdraw the guilty plea included a letter from plea counsel responding to an apparent complaint to the ARDC in which counsel stated that he had explained "at least 10 times" what consecutive sentences meant, even using a whiteboard to illustrate the point. Counsel opined that defendant understood. Finally, in his own testimony at the hearing on remand, defendant evinced a correct understanding of consecutive sentencing, explaining at one point that "[y]ou do one sentence and then you do—the other." Even assuming, *arguendo*, that there was an issue of whether defendant understood the meaning of "consecutive sentences," we agree with OSAD that the record demonstrates that defendant understood that his sentences had to be served one after the other, *i.e.*, consecutively, and that no meritorious argument

5

can be made that the circuit court abused its discretion in denying defendant's motion to withdraw his guilty plea.

¶ 17                                     CONCLUSION

¶ 18     As this appeal presents no issue of arguable merit, we grant OSAD leave to withdraw and affirm the circuit court's judgment.


¶ 19     Motion granted; judgment affirmed.